[THE STATE, EX REL.] COOK, *v.* COURT OF COMMON PLEAS OF MARION COUNTY ET AL.

(No. 9-85-38 — Decided February 6, 1986.)

*Tenuta & Kerns* and *Luigia Tenuta,* for relator.

*James P. Luton,* for respondents.

COLE, J. This is an original action in prohibition in this court seeking to prevent the Court of Common Pleas of Marion County from proceeding in a certain action for divorce filed in that court regarding case No. 85 CI 998, *Caryn L. Cook* v. *Wesley S. Cook.* It is asserted that the Marion County Court of Common Pleas has no jurisdiction to proceed in that case. A complaint in prohibition was filed in this court on December 2, 1985, and on December 4, 1985 an amended complaint was filed. On December 5, 1985, respondents filed an answer to the complaint, and again on December 27, 1985 filed an answer to the amended complaint asserting several defenses and generally denying the allegations of relator's complaint. On January 10, 1986, relator filed a reply to the answer and a motion to strike the second answer, asserting it was an amended answer filed without leave of court and hence should be stricken. This motion was not well-taken. The first answer was directed to the original complaint; the second by its terms was directed to the amended complaint. Both answers were timely filed under Civ. R. 12.

The matter thereafter came on for hearing on January 15, 1986. Relator submitted certified copies of a complaint filed in Franklin County, case No. 85 DR-10-3101, and certain other pleadings and exhibits attached thereto filed in that case. Respondents submitted certain copies of documents and pleadings filed in Marion County, case No. 85 CI 998, and a transcript of hearing regarding temporary custody in that court.

A motion was made by relator requesting certain sanctions which was and is overruled. Court records constituting certified copies of court orders were admitted into evidence; court records not so certified were not so admitted. The case was thereupon submitted.

From the undisputed facts, it is clear that Caryn L. Cook and Wesley S. Cook are and were husband and wife involved in marital difficulties. Two children had been born issue of the marriage: Ryan Cook, aged seven, and Aaron Cook, aged five. On October 15, 1985, Caryn Cook filed her complaint for alimony only in the Court of Common Pleas of Franklin County. Filed with her complaint was an affidavit complying

with the requirements of R.C. 3109.27. For some reason, service was not immediately obtained and this cause remained in limbo for the succeeding period.

On November 14, 1985, Wesley Cook filed in the Marion County Court of Common Pleas his complaint for alimony only against Caryn Cook, and summons was served on the same date; *i.e.*, the service on the second action was completed prior to any service on the complaint then pending in Franklin County.

In *State, ex rel. Balson*, v. *Harnishfeger* (1978), 55 Ohio St. 2d 38, 39 [9 O.O.3d 21], the Supreme Court determined that where two courts have pending complaints involving the same issue, "exclusive jurisdiction vests in that court first acquiring not just subject-matter jurisdiction, but also *in personam* jurisdiction — that is, completion of proper service."

Further, "Service of process is thus made a condition precedent to vesting of jurisdiction in determining which of two courts has the exclusive right to adjudicate the whole case." *Id.* at 39-40.

Thus, predicated upon this decision the Marion County court first acquired exclusive jurisdiction because its summons was first served.

However, a further and narrower issue is asserted by relator which is based upon the provisions of R.C. 3109.27, which became effective on October 25, 1977 but was not the concern of the *Balson* case, *supra,* since custody of children was not therein an issue. That section reads:

"(A) Every party in a custody proceeding, in his first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall also include all of the following information:

"(1) Whether the party has participated as a party, witness, or in any other capacity in any other litigation concerning the custody of the same child in this or any other state;

"(2) Whether the party has information of any custody proceeding concerning the child pending in a court of this or any other state;

"(3) Whether the party knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.

"(B) If the declaration under division (A)(1), (2), or (3) of this section is in the affirmative, the court may require the declarant to give additional information under oath. The court may examine the parties under oath as to details of the information furnished and as to other matters pertinent to the court's jurisdiction and the disposition of the case.

"(C) Each party has a continuing duty to inform the court of any custody proceeding concerning the child in this or any other state of which he obtained information during this proceeding."

Returning now to the facts, we find that two events occurred on November 15, 1985.

1. Wesley Cook filed his affidavit "as required by R.C. 3109.27." (Journal Entry of December 5, 1985.)

2. The Sheriff of Franklin County obtained personal service on Wesley Cook of the summons in the Franklin County action.

Relator claims that the failure of Wesley Cook to file an affidavit as required by R.C. 3109.27 with his complaint made service of summons upon that complaint ineffective; that Caryn Cook's compliance with that section therefore makes service by the Franklin County court the first effective service

and hence gives to that court exclusive jurisdiction to proceed; that this court should therefore issue a writ of prohibition to prevent the Marion County court from continuing to assert jurisdiction over the dispute.

In support of this argument, we are cited to *Pasqualone* v. *Pasqualone* (1980), 63 Ohio St. 2d 96 [17 O.O.3d 58], wherein the first paragraph of the syllabus states:

"The requirement in R.C. 3109.27 that a parent bringing an action for custody inform the court at the outset of the proceedings of any knowledge he has of custody proceedings pending in other jurisdictions is a mandatory jurisdictional requirement of such an action."

In that case there was no affidavit ever filed. In the present case, however, the requisite affidavit was filed but on the day following the date the complaint was filed in the Marion County court. We, therefore, have an issue not present in the *Pasqualone* case. Is the requirement in the statute as to the time of filing directory or mandatory? The obvious purpose of the requirement is, as was said in *Pasqualone, supra,* to enable a court to intelligently decide if it has jurisdiction or should allow another court to decide the case. Thus, the information is essential but the exact time that information is supplied is not, so long as there is reasonable compliance enabling the court to make its jurisdictional determination. The Act of which R.C. 3109.27 is a part specifically refers to this determination so far as any conflict with out-of-state courts is concerned. In R.C. 3109.22, it is stated:

"(A) No court of this state having jurisdiction to determine the custody of a child shall exercise that jurisdiction unless one of the following applies:
" * * * "

In Section 3109.24, it is said:

"(A) A court of this state shall not exercise its jurisdiction, if at the time of filing the petition a custody proceeding concerning the child was pending in a court of another state exercising jurisdiction substantially in conformity with sections 3109.21 to 3109.36 of the Revised Code, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons."

The phrases used refer to the "exercise" of jurisdiction, and it is this exercise or use of the power to hear and determine which is critical and not the initial vesting or acquisition of jurisdiction.

The court has jurisdiction if it has the jurisdiction of the subject matter and of the person, both of which the Marion County court had. It did not have the information critical to its decision to exercise that jurisdiction. Other factors remaining constant, there is no reason that decision cannot be made the day following the filing of the complaint. We, therefore, conclude that the requirement as to time is not mandatory but directory. However, as set forth in the *Pasqualone* case, it is still essential to the jurisdiction of the court. Thus, we would also conclude that this jurisdictional requirement was met when, on November 15, 1985, the requisite affidavit was filed by Wesley Cook.

In *In re Palmer* (1984), 12 Ohio St. 3d 194, 197, the court in its decision stated:

"The prefatory note to the Uniform Child Custody Jurisdiction Act, *supra,* at 111-115, makes it quite clear that the Act is designed to prevent inter-familial custody tug of wars between differing jurisdictions, not create them.* * * "

In accord with this intent of the Act, we would then conclude that when a court in a custody proceeding has acquired jurisdiction of both the subject matter and the person, the filing of an affidavit complying with R.C. 3109.27 with the complaint or within a reasonable time thereafter vests in that court

exclusive jurisdiction to hear and determine the case. The purpose of the affidavit (or equivalent statements in the complaint) is to provide the trial court with information for the determination that jurisdiction exists.

The provision of this information is, as was stated in *Pasqualone, supra,* a mandated jurisdictional requirement. It is, however, jurisdictional in that its presence enables, or its absence *prevents,* the exercise of a jurisdiction already acquired by virtue of the co-existence of jurisdiction over the subject matter and over the person. Its absence for a reasonable time does not automatically remove jurisdiction so acquired. When, within a reasonable time, that information is provided, the trial court may then rationally determine whether or not it or some other court has acquired jurisdiction. The purpose of the Act was to simplify the resolution of jurisdictional disputes and, as stated in *Palmer, supra,* not to create them. The purpose of the requirement is to provide information as to jurisdiction, not drastically modify and change well-established jurisdictional rules.

For this reason, we would conclude that by the conjunction of its jurisdiction over the subject matter and over the person of Caryn Cook the Marion County Court of Common Pleas acquired full power to hear and determine the complaint in the cause before it, but could not exercise that jurisdiction on November 14, 1985 in the absence of the information required by R.C. 3109.27. However, on November 15, 1985, the filing of the requisite affidavit removed the barrier to the exercise by that court of this jurisdiction. Under the *Balson* case, *supra,* the Franklin County Court of Common Pleas never acquired timely jurisdiction over the person of Wesley Cook.

We note further the following principle pertaining to the use of the writ of prohibition. In 44 Ohio Jurisprudence 2d (1960) 202, Prohibition, Section 24, it is said:

"A writ of prohibition will not issue against a court having jurisdiction of the subject matter of an action pending before it, to deprive such court of the authority vested in it by the laws of Ohio to determine its own jurisdiction. The writ will issue only where the court is without jurisdiction of the subject matter, or such jurisdiction has not been properly invoked, and even then it should not be issued, except under exceptional circumstances, if the question of jurisdiction has been submitted to and determined by the court against which the writ of prohibition is sought, for in such case the complainant usually has a full and adequate remedy at law." (Footnotes deleted.)

Here, as we concluded above, the Marion County court did have subject matter jurisdiction and has determined its own jurisdiction (Journal Entry of November 27, 1985).

For these reasons, the prayer for a writ of prohibition is denied.

*Writ denied.*

GUERNSEY, P.J. and MILLER, J., concur.