JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant John J. Ney, Jr. ("father") appeals the domestic relations court order permitting the plaintiff-appellee Cindy S. Ney ("mother") to relocate with their children to Michigan. We find no merit to the appeal and affirm.
 {¶ 2} The parties were married in Michigan in 1985. Two children were born of the marriage in 1989 and 1991. In 1998, the mother filed for divorce and removed the children from Ohio to Michigan. After several months, the trial court ordered the mother to return the children to Ohio pending the divorce.
 {¶ 3} On May 6, 1998, the divorce was granted. The mother received primary custody of the children and a shared parenting plan was entered.
 {¶ 4} On March 15, 1999, the mother filed a notice of intent to relocate and on June 8, 1999 filed a motion to terminate the shared parenting plan. The father filed a motion to modify the allocation of parental rights and responsibilities, seeking to become the primary residential parent.
 {¶ 5} On July 13, 2000, a hearing on the motions was commenced before a magistrate and further hearings were held on May 30, 31, June 25-27, and July 16-19, 2001.
 {¶ 6} On January 26, 2002, the magistrate filed a fourteen-page report recommending that the mother be permitted to relocate with the children. The father filed objections to the magistrate's report without providing a transcript of the proceedings. On July 1, 2002, the trial court overruled the father's objections and adopted the magistrate's recommendations with modifications.
 {¶ 7} The father appeals and raises three assignments of error.
 Untimely Filing of Parenting Affidavit {¶ 8} In his first assignment of error, the father argues that the trial court lacked jurisdiction to proceed in the matter because the parties did not file a parenting affidavit pursuant to R.C. 3109.27(A) until after the hearing had concluded.
 {¶ 9} R.C. 3109.27(A) requires the filing of an affidavit by every party in order to "give information under oath as to the child's present address; place where the child has lived within the last five years, and the names and present addresses of the persons with whom the child has lived during that period * * *," as well as information pertaining to any custody proceedings pending in this or any other state.
 {¶ 10} The record indicates that neither party filed the requisite affidavit until the magistrate directed them to do so after the hearing. The parties filed their affidavits prior to the magistrate's issuing the recommendations.
 {¶ 11} In In re Palmer (1984), 12 Ohio St.3d 194, 196, neither party filed the required parenting affidavit and the Ohio Supreme Court found that although subject matter jurisdiction cannot be waived, it could be conferred by estoppel. The Court in that case stated:
 {¶ 12} "R.C. 3109.27 is part of Ohio's adoption of the Uniform Child Custody Jurisdiction Act. The purpose of the Act is to avoid jurisdictional competition and conflict with courts of other jurisdictions and to facilitate the speedy and efficacious resolution of custody matters so the child or children in question will not be caught in a judicial tug of war between different jurisdictions. * * *."
 {¶ 13} The Court in Palmer went on to hold that a rigid interpretation of R.C. 3109.27 would "only serve to prolong the agony of the children" and that such a strict adherence would permit either party to obstruct the custody proceeding by refusing to file the parental affidavit.
 {¶ 14} Furthermore, the strict requirement that an affidavit be filed in a party's first pleading has been relaxed to allow subsequent filings to include the affidavit information. Courts have found that as long as the information required by R.C. 3109.27 is eventually supplied to the court and no other jurisdiction appears to be involved in the custody dispute, mechanical compliance with R.C. 3109.27 is not required. See, In the Matter of Porter (1996), 113 Ohio App.3d 580; Cookv. Court of Common Pleas (1986), 28 Ohio App.3d 82; Adkins v. Adkins (May 15, 1991), 4th Dist. No. 89 CA 26. As the court held in Cook, supra, the domestic relations court does have subject matter jurisdiction to determine custody cases. The affidavit merely assures that the court's jurisdiction is not in conflict with another court already exercising jurisdiction over the matter.
 {¶ 15} In the instant case, when it was brought to the magistrate's attention that the affidavits were not filed, the magistrate ordered the parties to file them. The magistrate did not issue a final determination until a month after they were filed. There was also never any contention that the another court had acquired jurisdiction over the matter first. Therefore, the court clearly had jurisdiction.
 {¶ 16} Accordingly, the father's first assignment of error is overruled.
 Change of Circumstances and Best Interest of the Children {¶ 17} In his second and third assignments of error, the father argues that the trial court erred in adopting the magistrate's report because there was not a change of circumstance supporting the relocation and the relocation was not in the best interest of the children.
 {¶ 18} When a party objects to a magistrate's decision, the party must supply the trial court with a transcript of the hearing or an affidavit as to the evidence presented at the magistrate's hearing. Civ.R. 53(E)(3)(b). The Ohio Supreme Court explained in State ex rel.Duncan v. Chippewa Twp., 73 Ohio St.3d 728, 730, 1995-Ohio-272, that when a party objects to a magistrate's report but does not provide the trial court with a transcript of the hearing, an appellate court is precluded from considering the transcript of the hearing on appeal and may only examine the trial court's decision to determine whether the application of the law to the magistrate's factual findings constitutes an abuse of discretion.
 {¶ 19} In the instant case, because the father failed to file a transcript with his objections, the trial court was incapable of conducting an independent review of the magistrate's conclusion that the relocation was in the best interest of the children and that a change of circumstances had occurred. Accepting the magistrate's factual findings, we conclude that the trial court did not abuse its discretion by confirming the magistrate's recommendation to allow the relocation of the children.
 {¶ 20} Accordingly, the father's second and third assignments of error are overruled.
 {¶ 21} Judgment is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. and ANTHONY O. CALABRESE, JR., J. concur.