OPINION
{¶ 1} Defendant-Appellant, Jeffrey Louck ("Appellant"), appeals two judgments of the Marion County Common Pleas Court, Juvenile Division. The first dismissed Appellant's complaint for dependency and neglect, and the second adopted the Magistrate's decision that an earlier agreed judgment entry modifying custody be vacated. Because the Marion County Juvenile Court did not have jurisdiction pursuant to R.C. 3109.21
et seq., the custody proceedings were properly vacated and dismissed. Also, since Appellant's complaint for dependency and neglect failed to allege any specific facts that would cause the children to be neglected or dependent, the trial court properly dismissed his complaint. Therefore, we affirm the decision of the trial court.
{¶ 2} Appellant and Plaintiff-Appellee, Ramanda Louck ("Appellee"), were married in Marion County in 1995. During their marriage three children were born: Arron Lewis Louck and Austin Murrell Michael Louck, born on October 8, 1996, and Tylor Alan Michael Louck, born on January 14, 1995. The Loucks separated in 1999, and Appellee moved to Kentucky.
{¶ 3} In April 2000, the Marion County Common Pleas Court Juvenile Division found that Appellant was the father of the three children and ordered Appellant to make monthly support payments.
{¶ 4} In March 2001, Appellee petitioned for dissolution of marriage in Kentucky, which was granted in May 2001 (hereinafter referred to as "Kentucky decree"). In the Kentucky decree, the Kentucky court found that the children were in good health and residing with their mother, that custody should remain with Appellee, and that Appellant should pay appropriate child support and be granted restricted visits with the children.
{¶ 5} Back in Marion County, Ohio, Appellant's prior order to pay child support was terminated in a judgment entry dated April 18, 2002. In that entry, the court found that Appellant's duty to pay support terminated on January 1, 2002, because the children had been with him for approximately six months.
{¶ 6} On August 8, 2002, an "agreed" judgment entry (hereinafter referred to as the "Aug. 8th entry") was filed in Marion County Juvenile Court, modifying the custody of the children. The Aug. 8th entry stated that the Loucks would have shared parenting, with the Appellant having physical custody of the children during the school year and Appellee having physical custody during the summer vacation. The Aug. 8th entry was signed by Appellant, his attorney, and purportedly by the Appellee. There is no record of Appellant filing any appropriate motion or a Uniform Child Custody Jurisdiction Act ("UCCJA") affidavit.
{¶ 7} Following the Aug. 8th entry, it appears the children resided with Appellant from August of 2002 until January of 2003. Appellee asserts that the children were staying temporarily with their father pursuant to a verbal agreement between herself and Appellant. Appellee contends she was in the hospital and placed the children with Appellant temporarily so that the children could be placed in school during that time. At some point in early 2003, Appellee attempted to pick the children up and Appellant refused to allow her to take the children, claiming he had custody under the Aug. 8th entry. When Appellee was unable to take custody of her children, she contacted the Sheriff's department in Hodgenville, Kentucky, and reported Appellant for child stealing and forgery, claiming her signature on the Aug. 8th entry had been forged by Appellant.
{¶ 8} On April 10, 2003, Appellant filed a motion in the Marion County Juvenile Court seeking to limit Appellee to supervised visitation. On May 16, 2003, Appellant filed a UCCJA Affidavit, stating that he had sole custody of the children since December of 2001, and that he had never "participated as a party, witness, or in any other capacity in any other litigation concerning the custody of the children in this or any other state."
{¶ 9} In May of 2003, Appellee filed a motion to dismiss Appellant's motion to modify visitation and a Civ.R. 60(B) motion to vacate the Aug. 8th entry, asserting that the court lacked jurisdiction over the children based upon Appellant's failure to file a UCCJA affidavit prior to the Aug. 8th entry and the prior Kentucky decree awarding Appellee custody.
{¶ 10} In a judgment entry dated May 30, 2003, the magistrate vacated the Aug. 8th entry and dismissed Appellant's April 10, 2003 motion. The magistrate found that the trial court lacked jurisdiction on August 8, 2002, because the Aug. 8th entry was filed without the necessary UCCJA affidavit required by R.C. 3109.27 and that the Commonwealth of Kentucky, not Ohio, had jurisdiction, because it was the home state of the children pursuant to the Kentucky decree.
{¶ 11} In July of 2003, Appellant filed an objection to the magistrate's decision and a complaint for dependency and neglect. Subsequently, Appellee filed a response to Appellant's objection, along with an answer to and a motion to dismiss the complaint for dependency and neglect. On June 23, 2003, the Marion County Common Pleas Court Juvenile Division overruled Appellant's objection, adopting the magistrate's decision, which vacated the Aug. 8th entry. In a separate judgment entry, the court granted Appellee's motion to dismiss Appellant's complaint for dependency and neglect. It is from these judgments Appellant appeals, presenting five assignments of error for our review.
 Assignment of Error I
The Trial Court Erred To The Prejudice Of Defendant-appellant By Granting Plaintiff-appellee's Motion To Vacate Without An Evidentary Hearing.
{¶ 12} In his first assignment of error, Appellant asserts that the trial court erred in ruling on Appellee's Civ.R. 60(B) motion without holding an evidentiary hearing. Because Appellant never requested a hearing, Appellant's claim of error is waived.
{¶ 13} The Marion County Common Pleas Court Juvenile Division provides the following local rule:
(A) Counsel filing any motion shall file with such motion, a brief containing a statement of authorities and arguments, relied upon; in default of thereof the motion may be overruled or stricken from the files, except in the motion for a new trial.
(B) Opposing counsel may file a brief at any time prior to hearing date unless the court by order directs such brief to be filed earlier.
(C) All motions when filed will be considered submitted unless oral hearing is requested by an interested party or by the court.
{¶ 14} Based on this local rule, in the absence of a specific request, the motion was properly considered solely on Appellee's 60(B) motion. Appellant neither filed a response to Appellee's motion, nor did he file a request for a hearing. Appellant also failed to request a hearing in his objection to the magistrate's decision.
{¶ 15} Further, from the magistrate's decision, it appears that a hearing was held. The decision states that the matter came before the court and that attorneys for both Appellee and Appellant were present. We have not been provided with the transcript of those proceedings. It is appellant's duty to order from the court reporter the necessary portions of the transcript.[1] In the absence of a transcript, an appellate court is required to assume the regularity of the lower court's proceedings.[2] Thus, we must assume that Appellant had an adequate opportunity to request a hearing at that time as well.
{¶ 16} Finally, the Ohio Supreme Court has held that the "failure to hold such a hearing before granting Civ.R. 60(B) motion does not automatically constitute an abuse of discretion."[3]
{¶ 17} In light of the Marion County Common Pleas Court local rule and defendant's failure to request an evidentiary hearing, Appellant's claim of error is waived.
 Assignment of Error II
The Trial Court Erred To The Prejudice Of Defendant-appellant By Granting Plaintiff-appellee's Motion To Vacate Because The Kentucky Dissolution Decree Did Not Preclude The Marion County Juvenile Court From Possessing Subject Matter Jurisdiction.
 Assignment of Error III
The Trial Court Erred To The Prejudice Of Defendant-appellant By Granting Plaintiff-appellee's Motion To Vacation Because The Lack Of A R.C. 3109.27 affidavit Did Not Divest The Court Of Subject Matter Jurisdiction.
 Assignment of Error IV
The Trial Court Erred To The Prejudice Of Defendant-appellant By Granting Plaintiff-appellee's Motion To Vacate Because Plaintiff-appellee Was Estopped From Contesting The Facts Upon Which The Juvenile Court Exercised Jurisdiction In Making The August 8, 2002, Agreed Judgment Entry.
{¶ 18} In each of Appellant's second, third and fourth assignments of error, he asserts that the court erred by granting Appellee's 60(B) motion to vacate. Because these three assignments of error are interrelated, we will consider them together.
{¶ 19} The decision to grant a Civ.R. 60(B) motion lies within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.[4] We may not find an abuse of discretion unless the trial court's decision was unreasonable, arbitrary or unconscionable.[5]
{¶ 20} As noted above, from the magistrate's decision, it appears that a hearing was held. We have not been provided with any transcript of those proceedings. Again, it is appellant's duty to order from the reporter the necessary portions of the transcript.[6] In absence of a transcript, an appellate court is required to assume the regularity of the lower court's proceedings.[7] Accordingly, we must presume that the trial court made its judgment based upon sufficient evidence.
{¶ 21} Furthermore, based on what we have been provided, we cannot say the trial court abused its discretion in vacating the Aug. 8th entry. In its entry, the trial court found that at the time of the August 8th entry the court lacked jurisdiction because the entry was filed without the UCCJA affidavit and that the Kentucky decree established Kentucky as the children's home state. Appellant argues that neither the Kentucky decree nor the UCCJA affidavit precluded the Marion County Juvenile Court from exercising jurisdiction.
{¶ 22} R.C. 3109.27 requires "[e]ach party in a parenting proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period." The affidavit should also include:
(1) Whether the party has participated as a party, a witness, or in any other capacity in any other litigation, in this or any other state, that concerned the allocation between the parents of the same child, of parental rights and responsibilities for the care of the child and the designation of the residential parent and legal custodian of the child or that otherwise concerned the custody of the same child;
(2) Whether the party has information of any parenting proceeding concerning the child pending in a court of this or any other state;
(3) Whether the party knows of any person who is not a party to the proceeding and has physical custody of the child or claims to be a parent of the child who is designated the residential parent and legal custodian of the child or to have parenting time rights with respect to the child or to be a person other than a parent of the child who has custody or visitation rights with respect to the child;
(4) Whether the party previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child or previously has been determined in a case in which a child has been adjudicated an abused child or neglected child, to be the perpetrator of the abusive or neglectful act that was the basis of the adjudication.[8]
{¶ 23}The Ohio Supreme Court has also stated that "[t]he requirement of R.C. 3109.27 that a parent bringing an action for custody inform the court at the outset of the proceedings of any knowledge he has of custody proceedings pending in other jurisdictions is a mandatory jurisdictional requirement of such an action."[9] In Cook v. Court of Common Pleas of Marion County,[10] this Court determined:
when a court in a custody proceeding has acquired jurisdiction of both the subject matter and the person, the filing of the affidavit comply with R.C. 3109.27 with the complaint or within a reasonable time thereafter vests in that court exclusive jurisdiction to hear and determine the case. The purpose of the affidavit * * * is to provide the trial court with information for the determination that jurisdiction exists.
Thus, while it has been recognized that the UCCJA affidavit is "directory, not mandatory," reasonable compliance with the jurisdictional prerequisites of R.C. 3109.22 is still required.[11]
{¶ 24} In this case, Appellant's failure to file a UCCJA affidavit has never been in dispute. He did not file an affidavit prior to, at the time of, or anytime after the Aug. 8th judgment was entered. Clearly, Appellant failed to make a reasonable effort to comply with R.C. 3109.27.
{¶ 25} More importantly, the Kentucky court did have jurisdiction. R.C. 3109.31 governs the modification of a foreign decree. R.C. 3109.31, in its relevant portions, states:
If a court of another state has made a parenting decree, a court of this state shall not modify that decree, unless it appears to the court of this state that the court that rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 3109.21 to 3109.36 of the Revised Code, or has declined to assume jurisdiction to modify the decree, and the court of this state has jurisdiction.
A "parenting decree" is defined as "a parenting determination contained in a judicial decree or order."[12] As stated above, the Kentucky decree gave custody of the children to Appellee, with restricted visitation rights given to Appellant. Therefore, it was clearly a parenting decree. Thus, pursuant to the Kentucky decree and R.C. 3109.31, an Ohio court may not modify such a decree unless Kentucky no longer has jurisdiction and Ohio does have jurisdiction.
{¶ 26} Appellant vehemently argues that Ohio had jurisdiction, because it was the children's "home state." R.C. 3109.21(E) defines "home state" as "the state in which the child, immediately preceding the time involved, lived with the child's parents, a parent, or a person acting as parent, for at least six consecutive months." Based on the record before us, we cannot find that the trial court abused its discretion in finding that the Kentucky decree controlled, because the children had not been with Appellant for six months prior to the filing of the Aug. 8th entry. Appellant points to a judgment entry from July of 2001, arguing it establishes the six month residency requirement for the Aug. 8th entry. However, Appellant concedes that the twins had been with Appellee from May of 2002 until August 3, 2002, and that Tylor had been with Appellee from June of 2002 until August 3, 2002. R.C. 3109.21(E) does allow for temporary absences to be counted as part of the six month requirement; however, a period of two to three months, while the children are with their legal custodian, is not a temporary absence.
{¶ 27} Without more, we cannot say the trial court abused its discretion in finding that the Kentucky decree established jurisdiction in Kentucky and that the Marion County Juvenile Court lacked jurisdiction at the time of Aug. 8th entry. Accordingly, we overrule Appellant's second and third assignments of error.
{¶ 28} In his fourth assignment of error, Appellant asserts that even if the Kentucky decree and/or the UCCJA affidavit did, in fact, preclude the Marion County Common Pleas Court Juvenile Division from exercising jurisdiction, Appellee is estopped from challenging Marion County's subject matter jurisdiction, because of her signature on the Aug. 8th entry. Ignoring the fact that Appellee contests the fact that she signed the Aug. 8th entry, parties may not, by stipulation or agreement, confer subject matter jurisdiction on a court where subject matter jurisdiction is otherwise lacking.[13] Thus, without subject matter jurisdiction, the Aug. 8th entry was a nullity. Accordingly, we must overrule Appellant's fourth assignment of error.
 Assignment of Error V
The Trial Court Erred To The Prejudice Of Defendant-appellant By Granting Plaintiff-appellee's Motion To Dismiss The Complaint For Dependency And Neglect
{¶ 29}In the fifth assignment of error, Appellant asserts that the trial court erred in granting Appellee's motion to dismiss Appellant's complaint for dependency and neglect because the complaint was sufficient to state a cause of action. We disagree.
{¶ 30} R.C. 2151.27 states that "* * * any person having knowledge of a child who appears * * * to be abused, neglected, or a dependant child * * * may file a sworn complaint with respect to that child in the juvenile court in which the child has a residence or legal settlement or in which the violation, unruliness, abuse, neglect, or dependency allegedly occurred." While the complaint may be based upon information or belief, it must "allege particular facts" upon which the allegations are based.[14]
{¶ 31} Appellant's complaint for dependency and neglect, after setting forth the definitional statutory language, states that the children were not functioning at the appropriate age level after Appellant picked them up from Appellee's home in December 2001. The complaint also states that Appellant feels the children had been molested and that Appellee would flee with the children if they were returned to her custody. In granting Appellee's motion to dismiss Appellant's complaint for dependency and neglect, the trial court found that "all allegations [are] prospective in nature and vague."
{¶ 32} Appellant's complaint does do more than merely parrot the definitional statutes concerning dependency, neglect, and abuse. However, the complaint still fails to adequately set forth the particular facts upon which the allegations are based, and thus contains no notice concerning the evidence against which Appellee must defend.[15] While Appellant claims that the children would be molested and Appellee would flee, these are general conclusory claims unsupported by particular facts. Furthermore, Appellant's only specific claim, that the children were not functioning at the appropriate level in December 2001, does not fall within the definition of dependency, R.C. 2151.04, neglect, R.C.2151.03, nor abuse, R.C. 2151.031. Accordingly, Appellant's fifth assignment of error is overruled.
{¶ 33} Having found no error prejudicial to the appellant herein, we affirm the judgment of the trial court.
Judgment affirmed.
[1] App.R. 9(B).
[2] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197.
[3] Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 14.
[4] Strack v. Pelton (1994), 70 Ohio St.3d 172, 174.
[5] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[6] App.R. 9(B).
[7] Knapp, 61 Ohio St.2d 197.
[8] R.C. 3109.27.
[9] Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96, para one of syllabus.
[10] (1986), 28 Ohio App.3d 82, 84-85.
[11] Cook, 28 Ohio App.3d at 84; see also Rose v. Spjut (May 20, 1996), 4th Dist. No. 95CA6, unreported.
[12] R.C. 3109.21(D).
[13] Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236, 238, overruled on other grounds in Manning v. Ohio St. Library Bd. (1991), 62 Ohio St.3d 24; Putnam v. Hogan (1997), 122 Ohio App.3d 351, 355.
[14] R.C. 2151.27; see also In re Hunt (1976), 46 Ohio St.2d 378,380-381.
[15] See Hunt, 46 Ohio St.2d at 380-381.