IN RE COMPLAINT FOR WRIT OF HABEAS CORPUS FOR GOELLER;
MOORE, APPELLANT, v. GOELLER, APPELLEE.

[Cite as *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004-Ohio-5579.]

(No. 2004–0868—Submitted September 29, 2004—Decided November 3, 2004.)

---

**Per Curiam.**

{¶ 1} Cameron Goeller ("Cameron") is the minor child of appellant, Stephanie Moore, and appellee, Steven Goeller ("Goeller"). In April 2002, Goeller filed a complaint in the Franklin County Court of Common Pleas, Division of Domestic

Relations and Juvenile Branch, requesting that he be designated the residential parent of Cameron. In December 2002, the juvenile court designated Goeller the temporary sole residential parent and legal custodian of Cameron.

{¶ 2} In January 2003, Goeller moved to amend his complaint to address Moore's contention that the complaint was defective. A juvenile court magistrate granted Goeller's motion and ordered the parties to review R.C. 3109.27 and "file an affidavit in compliance therewith." Cameron's guardian ad litem issued a lengthy report recommending that Goeller be designated Cameron's residential parent.

{¶ 3} On March 31, 2003, the magistrate issued a decision recommending that Goeller be designated the sole residential parent and legal custodian of Cameron. The juvenile court immediately adopted the magistrate's decision under Juv.R. 40(E)(4)(c). On April 8, 2003, Moore filed objections to the magistrate's decision. The juvenile court issued an interim order effective April 28, 2003, reiterating that Goeller was the residential parent and legal custodian of Cameron.

{¶ 4} On May 9, 2003, Moore filed an unverified complaint in the Court of Appeals for Franklin County for a writ of habeas corpus to place Cameron in her custody. Moore claimed that Goeller's failure to file the affidavit required by R.C. 3109.27 with his original complaint was a jurisdictional defect that could not be cured by subsequent action. Moore further claimed that because the interim order had expired and her objections stayed the juvenile court's March 31, 2003 decision, she was entitled to custody. On May 11, 2004, the court of appeals denied the writ.

{¶ 5} Moore asserts that the court of appeals erred in denying the writ of habeas corpus. Moore's assertion is meritless.

{¶ 6} Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law. *State ex rel. Fortson v. Kelly*, 102 Ohio St.3d 77, 2004-Ohio-1799, 806 N.E.2d 556, ¶ 7. "This principle applies equally to child custody actions, where habeas corpus relief is the exception rather than the general rule." *Rammage v. Saros*, 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 9.

{¶ 7} An exception to these general rules permits jurisdictional claims to be raised in habeas corpus. *Ross v. Saros*, 99 Ohio St.3d 412, 2003-Ohio-4128, 792 N.E.2d 1126, ¶ 13.

{¶ 8} As in *Ross*, at ¶ 14, this exception is inapplicable here because the juvenile court did not patently and unambiguously lack jurisdiction to award residential custody of Cameron to Goeller, and Moore has an adequate remedy by appeal to raise her claims.

{¶ 9} Moore relies on *Pasqualone v. Pasqualone* (1980), 63 Ohio St.2d 96, 17 O.O.3d 58, 406 N.E.2d 1121, paragraph one of the syllabus, in which we held that filing an R.C. 3109.27 affidavit was a "mandatory jurisdictional requirement":

{¶ 10} "The requirement in R.C. 3109.27 that a parent bringing an action for custody inform the court at the outset of the proceedings of any knowledge he has of custody proceedings pending in other jurisdictions is a mandatory jurisdictional requirement of such an action."

{¶ 11} Despite this language, however, it is well settled that "[t]he requirement that an affidavit be filed in a party's first pleading [under R.C. 3109.27] has been relaxed to allow amended pleading or subsequent filings to include the affidavit information." *In re Porter* (1996), 113 Ohio App.3d 580, 584, 681 N.E.2d 954. Accord *Ney v. Ney*, Cuyahoga App. No. 81546, 2003-Ohio-1349, 2003 WL 1361533, ¶ 14; *Wysong v. Wysong* (Feb. 11, 2002), Preble App. No. CA2001–06–011, 2002 WL 205515; *Rose v. Spjut* (May 20, 1996), Hocking App. No. 95CA6, 1996 WL 275083; *Boyer v. Boyer* (Dec. 5, 1994), Licking App. No. 94 CA 53, 1994 WL 728235; *May v. May* (Jan. 2, 1992), Medina App. No. 2016, 1992 WL 2938; *Cook v. Marion Cty. Court of Common Pleas* (1986), 28 Ohio App.3d 82, 28 OBR 124, 502 N.E.2d 245, syllabus.

{¶ 12} We implicitly recognized this in *In re Palmer* (1984), 12 Ohio St.3d 194, 197, 12 OBR 259, 465 N.E.2d 1312, by holding that a "mechanistic interpretation of R.C. 3109.27 * * * would not only contravene the clear intent of R.C. 3109.27 but could potentially render the custody statutes of this state a nullity." That is, Moore's interpretation of *Pasqualone,* 63 Ohio St.2d 96, 17 O.O.3d 58, 406 N.E.2d 1121, would not further the purpose of the act "to avoid jurisdictional competition and conflict with courts of other jurisdictions" in this case. *Palmer,* 12 Ohio St.3d at 196, 12 OBR 259, 465 N.E.2d 1312.

{¶ 13} In essence, as the court of appeals concluded, the initial failure to comply with R.C. 3109.27 has bearing on the juvenile court's authority to exercise jurisdiction rather than on its subject-matter jurisdiction. See *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 10–13; *Cook,* 28 Ohio App.3d at 84, 28 OBR 124, 502 N.E.2d 245 ("The phrases used [in R.C. 3109.22 and 3109.24] refer to the 'exercise' of jurisdiction, and it is this exercise or use of the power to hear and determine which is critical and not the initial vesting or acquisition of jurisdiction").

{¶ 14} Further, Moore's claim challenging the interim order and the March 31, 2003 decision ignores the juvenile court's December 2002 temporary-custody award of Cameron to Goeller.

{¶ 15} Moreover, Moore's complaint did not state with the requisite particularity the extraordinary circumstances entitling her to a writ of habeas corpus. She did not allege in her complaint in even a conclusory manner that she lacks an

adequate remedy at law. *Rammage*, 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 14. She had an adequate remedy by her objections to the magistrate's decision and an appeal from any adverse judgment.

{¶ 16} In addition, Moore waived her claim concerning Goeller's alleged failure to comply with Juv.R. 10 by not raising it in her complaint or amending her complaint to add the claim. *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 32. And even if it had been raised, Moore had an adequate remedy by appeal.

{¶ 17} Finally, Moore's complaint was fatally defective because it was not verified, as required by R.C. 2725.04. *Evans v. Klaeger* (1999), 87 Ohio St.3d 260, 261, 719 N.E.2d 546.

{¶ 18} Therefore, because the juvenile court did not patently and unambiguously lack jurisdiction to designate Goeller the residential parent and custodian of Cameron and Moore did not satisfy the verification requirements of R.C. 2725.04, she was not entitled to the requested writ of habeas corpus. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Steven E. Hillman, for appellant.

Cynthia M. Roy, for appellee.