OPINION *Page 2 
{¶ 1} Petitioner, Felix Brown, Jr., has filed a Petition for Writ of Habeas Corpus alleging unlawful detention based upon the claim his constitutional rights were violated because of his alleged absence from the courtroom when the trial court answered questions submitted by the jury.
 {¶ 2} Petitioner was convicted of one count of murder with a gun specification and one count of having weapons under disability. Following a finding of guilty by a jury, Petitioner was sentenced to a term of incarceration of 15 years to life consecutive to three years for the gun specification for a total sentence of 18 years to life.
 {¶ 3} The Supreme Court has held "habeas corpus is not available when there is an adequate remedy in the ordinary course of law." In reComplaint for Writ of Habeas Corpus for Goeller, 103 Ohio St.3d 427,2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. In this case, Petitioner has or had an adequate remedy at law by way of an appeal. As noted above, Petitioner's only complaint deals with his alleged absence during a critical stage of the proceedings. Numerous appellants have raised the very issue Petitioner now raises in direct appeals. See e.g. State v.Hale 119 Ohio St.3d 118, 134, 892 N.E.2d 864, 890 (Ohio, 2008);State v. Frazier 115 Ohio St.3d 139, 159, 873 N.E.2d 1263, 1288 (Ohio, 2007) (An accused's absence, however, does not necessarily result in prejudicial or constitutional error.); and State v. Nichols2007 WL 1840865, 4 (Ohio App. 5 Dist.).
 {¶ 4} Even assuming arguendo habeas corpus would be an available remedy to challenge a petitioner's alleged absence at a critical stage in the proceedings, Petitioner's claim lacks merit for the reason the record fails to affirmatively establish *Page 3 
Petitioner's absence. Petitioner actually concedes the record fails to affirmatively establish his absence stating, "Moreover, it has been pronounced by case law that the record must affirmly (sic) show the petitioner's absence in the courtroom. Thereinto, the record does exactly that, indicate the total absence of petitioner from said two referenced instances by its' (sic) silence!"
 {¶ 5} Where a defendant's absence is not affirmatively established, the Supreme Court has held there is no merit to a complaint relative to a defendant's absence. State v. Frazier 115 Ohio St.3d 139, 159,873 N.E.2d 1263, 1289 (Ohio, 2007) citing State v. Clark (1988),38 Ohio St.3d 252, 258, 527 N.E.2d 844 ("the record must affirmatively indicate the absence of a defendant or his counsel during a particular stage of the trial").
 {¶ 6} For these reasons, Petitioner's request for Writ of Habeas Corpus is denied.
By: Wise, J., Farmer, P. J., and Gwin, J., concur. *Page 4 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Petitioner's request for Writ of Habeas Corpus is denied.
Costs assessed to Petitioner. *Page 1