[Cite as *In re D.P.J.*, 2013-Ohio-4469.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

IN THE MATTER OF:            :

    D.P.J. and              :
    P.R.J.                    Case No. 13CA3532
                            :
Minor Children-Custody.

                 : DECISION AND JUDGMENT ENTRY

---

APPEARANCES:

COUNSEL FOR APPELLANT:    Michael H. Mearan, 547 South Sixth Street,
Portsmouth, Ohio  45662

COUNSEL FOR APPELLEES:    John R. Stevenson, 116 Poole Street, West
Portsmouth, Ohio 45663

---

CIVIL APPEAL FROM COMMON PLEAS COURT, JUVENILE DIVISION
DATE JOURNALIZED: 9-27-13
ABELE, J.

{¶ 1}  This is an appeal from a Scioto County Common Pleas Court, Juvenile Division, judgment that dismissed the Civ.R. 60(B) motion for relief for judgment that Latisha Price, the biological mother of D.P.J. and P.R.J., filed.

{¶ 2}  Appellant raises the following assignment of error:

> "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S 60(B) MOTION TO SET ASIDE A CUSTODY ORDER FOR FAILURE TO FILE A U.C.C.J.E.A. AFFIDAVIT WITH THE 60(B) MOTION."

{¶ 3}  On July 27, 2011, appellees Teresa Lynn and David Allen Justice, the children's paternal grandparents, filed a petition for custody of D.P.J. and P.R.J.  On that same date, appellant signed a "consent to custody" form.  In it, she consented to give custody of the two children to the appellees.  On July 28, 2011, the court

entered an "agreed judgment entry of custody" and granted the paternal grandparents custody of the two children.

{¶ 4} On October 6, 2011, appellant filed a motion to modify the custody order along with a R.C. 3127.23(A) custody affidavit. The trial court later dismissed the motion upon appellant's request.

{¶ 5} On July 26, 2012, appellant filed a Civ.R. 60(B) motion for relief from the trial court's July 28, 2011 "agreed judgment of custody." Appellant alleged that when she signed the custody order, she was in the hospital, suffering from depression, was heavily medicated, and "had no idea what she was signing."

{¶ 6} On December 20, 2012, the trial court held a hearing regarding appellant's motion. During the hearing, appellees requested the court to dismiss appellant's motion due to her failure to file an R.C. 3127.23(A) custody affidavit when she filed her Civ.R. 60(B) motion for relief from judgment. Appellees contended that appellant's Civ.R. 60(B) motion sought to change the children's custodial status and, thus, constituted a child custody proceeding subject to the R.C. 3127.23(A) requirements. Appellees argued that appellant's failure to file a custody affidavit deprived the court of jurisdiction to consider appellant's motion.

{¶ 7} Appellant countered that R.C. 3127.23 did not apply when seeking relief from judgment. She argued that her Civ.R. 60(B) motion did not request the court to change custody, but rather simply

requested that the court set aside the prior order that granted appellees custody.

{¶ 8} On January 18, 2013, the trial court granted appellees' motion to dismiss and determined that appellant, by filing a motion for relief from the prior custody order, "was indeed initiating a custody proceeding."  The court concluded that "the parenting proceeding affidavit must be filed with the first pleading filed by each party in every parenting proceeding."  The court found that appellant failed to file an R.C. 3127.23(A) custody/parenting proceeding affidavit when she filed her Civ.R. 60(B) motion to set aside the trial court's judgment.  Consequently, the court dismissed appellant's Civ.R. 60(B) motion.  This appeal followed.

{¶ 9} In her sole assignment of error, appellant argues that the trial court erred by dismissing her Civ.R. 60(B) motion. Specifically, she contends that the court wrongly determined that her failure to file an R.C. 3127.23(A) custody affidavit with her Civ.R. 60(B) motion deprived the court of jurisdiction to consider her motion.

{¶ 10} Appellees assert that the trial court properly dismissed appellant's Civ.R. 60(B) due to a lack of subject-matter jurisdiction.  Appellees contend, in essence, that when a party seeks to litigate an issue involving the custody of a child, whether arising from an initial complaint or from a post-decree motion, a R.C.

3127.23(A) custody affidavit is mandatory to vest the trial court with subject-matter jurisdiction.

{¶ 11} "The jurisdiction of a court is that power conferred upon it by law, by which the court is authorized to hear, determine and render final judgment in an action, and to enforce its judgment by legal process." Borkosky v. Mihailoff, 132 Ohio App.3d 508, 511, 725 N.E.2d 694 (3rd Dist. 1999), citing State ex rel. Ellis v. Bd. of Deputy State Supervisors of Cuyahoga Cty., 70 Ohio St. 341, 349, 71 N.E. 717 (1904). Subject-matter jurisdiction "is a 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void.'" Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶11 (citations omitted). The existence of a trial court's jurisdiction is a question of law that we review de novo. State ex rel. ACCSEA v. Balch, 4th Dist. Athens No. 06CA26, 2007-Ohio-7168, ¶22; Yazdani-Isfehani v. Yazdani-Isfehani, 4th Dist. Athens No. 06CA6, 2006-Ohio-7105, ¶20.

{¶ 12} R.C. 3127.23(A) states:

> (A) Each party in a child custody proceeding, in the party's first pleading or in an affidavit attached to that pleading, shall give information if reasonably ascertainable under oath as to the child's present address or whereabouts, the places where the child has lived within the last five years, and the name and present address of each person with whom the child has lived during that period. * * * *"

{¶ 13} Appellees contend that the filing of an R.C. 3127.23(A) affidavit "is a mandatory jurisdictional requirement" and "has been

for more than 30 years."  Appellees cite <u>Pasqualone v. Pasqualone</u>,

63 Ohio St.2d 96, 17 O.O.3d 58, 406 N.E.2d 1121 (1980), to support

their assertion.

{¶ 14} In <u>Pasqualone</u>, the Ohio Supreme Court held:

"The requirement in R.C. [3127.23] that a parent
bringing an action for custody inform the court at the
outset of the proceedings of any knowledge he has of custody
proceedings pending in other jurisdictions is a mandatory
jurisdictional requirement of such an action."[1]

<u>Id.</u> at paragraph one of the syllabus.

{¶ 15} The Ohio Supreme Court has, however, limited the

application of <u>Pasqualone</u>.  <u>In re Complaint for Writ of Habeas Corpus</u>

<u>for Goeller</u>, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594.

In <u>Goeller</u>, the court explained that despite <u>Pasqualone</u>'s language

"it is well settled that '[t]he requirement that an affidavit be

filed in a party's first pleading [under R.C. 3127.23] has been

relaxed to allow amended pleading or subsequent filings to include

the affidavit information.'" <u>Id.</u> at ¶11, quoting <u>In re Porter</u>, 113

Ohio App.3d 580, 584, 681 N.E.2d 954 (3rd Dist. 1996).  The court

reiterated its prior holding that a "'mechanistic interpretation

of R.C. [3127.23] * * * would not only contravene the clear intent

of R.C. [3127.23] but could potentially render the custody statutes

of this state a nullity.'"  <u>Id.</u> at ¶12, quoting <u>In re Palmer</u>, 12

Ohio St.3d 194, 197, 12 OBR 259, 465 N.E.2d 1312 (1984).

---

[1] <u>Pasqualone</u> construed the substantially similar predecessor
statute, R.C. 3109.27.

{¶ 16} The Goeller court further explained that "the initial failure to comply with R.C. [3127.23] has bearing on the juvenile court's authority to exercise jurisdiction rather than on its subject-matter jurisdiction."  Id., citing Pratts v. Hurley, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶10–13, and Cook, 28 Ohio App.3d at 84, 28 OBR 124, 502 N.E.2d 245.

{¶ 17} In the case at bar, we agree with appellant that the trial court erred to the extent that it believed that it lacked subject-matter jurisdiction to consider appellant's Civ.R. 60(B).  Goeller states that the failure to file an R.C. 3127.23 custody affidavit does not affect the trial court's subject-matter jurisdiction.  Moreover, we question whether a Civ.R. 60(B) motion from relief from a prior custody order should be construed as "the party's first pleading" in a "child custody proceeding" and, thus, subject to R.C. 3127.23(A).  R.C. Chapter 3127 does not define "first pleading" in a "child custody proceeding."  R.C. 3127.01(B)(5), however, explains that the "first pleading" occurs at the "commencement" of "a proceeding."  A "child custody proceeding" means "a proceeding in which legal custody * * * with respect to a child is an issue."  R.C. 3127.01(B)(4).

{¶ 18} In the case at bar, one might argue that the "commencement" of "a proceeding" occurred when appellees originally requested custody of the children in July 2011 and, thus, that the "first pleading" was appellees' petition for custody.  One might also

contend, however, that the "commencement" of "a proceeding" occurred when appellant filed her Civ.R. 60(B) motion and, thus, that her Civ.R. 60(B) motion was the first pleading relating to that proceeding. Until appellant filed her Civ.R. 60(B) motion, the children's custodial status had been determined. Appellant's motion sought to place their custodial status again in issue.

{¶ 19} Nevertheless, until the General Assembly clarifies the meaning of the "first pleading" in a "child custody proceeding" as used in R.C. 3127.23(A), we will adhere to our prior holdings that a party need not file an R.C. 3127.23(A) custody affidavit when seeking to modify a prior custody order.[2]  Knight v. Knight, 4th Dist. Meigs No. 99CA2 (Sept. 29, 1999) (holding that a motion to modify custody was not the party's "first pleading" in a "parenting proceeding," under former R.C. 3109.27, and thus was not subject to the statutory requirement to file a custody affidavit); Christy v. Christy, 4th Dist. Highland No. 96CA902 (June 12, 1997) (concluding that party's motion for change of custody, filed two years after the commencement of divorce proceedings that included a parenting proceeding determination, was not the party's "first pleading" that

---

[2] We recognize that the authors of Ohio Domestic Relations Law treatise state that "'compliance with RC 3127.23 * * * is a jurisdictional requirement in any action for the allocation of parental rights and responsibilities, and is necessary to properly invoke the continuing jurisdiction of the court in a modification proceeding.'" Knight (Harhsa, J., concurring), quoting 1 Sowald and Morganstern, Ohio Domestic Relations Law 678, Section 16:2 (1997).    We further observe, however, that the authors rely, in part, upon the Ohio Supreme Court's decision in Pasqualone.    As we indicated above, the Ohio Supreme Court has limited Pasqualone.    The authors of Ohio Domestic Relations Law do not analyze in Section 16:2 whether the Ohio Supreme Court's more recent decisions affect the statement that compliance with R.C. 3127.23 is a jurisdictional requirement

required a custody affidavit).  Accord <u>Adkins v. Adkins</u>, 4th Dist.

No. Pickaway 89CA26 (May 15, 1991) (Stephenson, J., concurring);

<u>Dole v. Dole</u>, 5th Dist. Holmes No. 10CA013, 2011-Ohio-1314 (concluding

that party need not file updated child custody affidavit when filing

motion to renew motion requesting court to reallocate parental rights

when custody affidavit filed approximately eight months earlier);

<u>Metcalfe v. Metcalfe</u>, 12th Dist. Clermont No. CA95-04-025 (Jan. 29,

1996)(concluding that new child custody affidavit need not be filed

in modification proceeding when affidavit filed with divorce

complaint); <u>Matter of Frateschi</u>, 7th Dist. Columbiana No. 92-C-58

(June 8, 1993) ("The custody affidavit was not necessary in this

case since the motion for change of custody before the trial court

was not the first pleading in this custody proceeding, rather, the

trial court has had continuing jurisdiction over the matter for the

past eight years.").  See <u>Sumerford v. Sumerford</u>, 10[th] Dist. Franklin

Nos. 11AP-29 and 11AP-358, 2012-Ohio-1842, ¶16 (determining that

the failure to file the custody affidavit with the initial filing

was not fatal to the action when "the statutory requirements have

been substantially satisfied and no prejudice has resulted" and when

"the trial court was well aware of where and with whom the children

have been living"); <u>State ex rel. Browning v. Browning</u>, 5[th] Dist.

Muskingum Nos. CT-2011-CA-55 and CT2011-CA-60, 2012-Ohio-2158, ¶49

(declining to "blind[ly] adhere[] to the affidavit requirement" when

---

in a custody modification proceeding.

none of the parties claimed "to have instituted or have knowledge of custody proceedings pending in another jurisdiction").

{¶ 20} In the case sub judice, we believe that the trial court imposed an interpretation of R.C. 3127.23(A) that the Ohio Supreme Court has rejected over time.  While appellant may not have filed a custody affidavit with her Civ.R. 60(B) motion, according to Knight, her Civ.R. 60(B) motion is not the "first pleading" in the child custody proceeding.  Instead, according to Knight, the first pleading occurred when appellees initially sought custody of the children.  Appellees filed a child custody affidavit when they filed the first pleading in July 2011.  Appellant filed a second custody affidavit in October 2011, when she filed a motion to modify the prior custody order.

{¶ 21} Additionally, we further point out that it is a "basic tenet of Ohio jurisprudence that cases should be determined on their merits and not on mere procedural technicalities."  Barksdale v. Van's Auto Sales, Inc., 38 Ohio St.3d 127, 128, 527 N.E.2d 284, 285 (Ohio,1988).  Thus, to the extent that appellant should have filed a custody affidavit with her Civ.R. 60(B) motion, we believe that the trial court could have afforded appellant an opportunity to cure the defect before the court dismissed her motion.

{¶ 22} Accordingly, based upon the foregoing reasons, we hereby sustain appellant's assignment of error and reverse and remand the

trial court's judgment for further proceedings consistent with this opinion.

> JUDGMENT REVERSED AND REMANDED
> FOR FURTHER PROCEEDINGS
> CONSISTENT WITH THIS OPINION.

Harsha, J., concurring:

{¶ 23} Based upon *Goeller, supra*, I join my colleagues in concluding that proceeding without custody affidavit would be an error in the exercise of jurisdiction that renders a resulting judgment voidable but not void ab initio. I also agree that the trial court should have allowed the appellant an opportunity to cure the omission prior to dismissing her motion. Accordingly, I concur in the court's judgment.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and the case remanded for further proceedings consistent with this opinion.  Appellant shall recover of appellees the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment & Opinion with Attached Opinion
Hendon*, J.: Concurs in Judgment & Opinion

For the Court

BY: _____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

*Judge Sylvia Sieve Hendon, of the First Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.