[Cite as *Dole v. Dole*, 2011-Ohio-1314.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| JENNIFER DOLE | : | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 10CA013 |
| RYAN DOLE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Holmes County Court
of Common Pleas, Domestic Relations
Division, Case No. 01DR106


JUDGMENT:                                    Affirmed in part; reversed in part


DATE OF JUDGMENT ENTRY:         March 18, 2011


APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

JAMES M. RICHARD                        ROSANNE K. SHRINER
127 East Liberty Street, Ste. 100        146 East Liberty Street, Ste. 185
Wooster, OH 44691                          Wooster, OH 44691

*Gwin, P.J.*

{¶1} Defendant-appellant Ryan Dole appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Holmes County, Ohio, which dismissed his motion to renew his previously filed motion for reallocation of parental rights and responsibilities. Plaintiff-appellee is Jennifer Dole, nka, Felton. Appellant assigns two errors to the trial court:

{¶2} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING APPELLANT'S MOTION FOR LACK OF JURISDICTION UNDER THE UNIFORM CHILD CUSTODY JURISDICTION ENFORCEMENT ACT.

{¶3} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO PAY $500.00 IN ATTORNEY FEES FOR THE 'UNNECESSARY PREPARATION' OF APPELLEE'S ATTORNEY."

{¶4} The record reflects appellant filed a motion for reallocation of parental rights and responsibilities in October, 2008. With the motion, pursuant to R.C. 3127.23, he filed an affidavit, commonly known as a UCCJEA affidavit, which is a statement informing the court that no other court has taken jurisdiction over the minor child. On May 27, 2009, the trial court entered a judgment finding the parties had reached an agreement on the motion. The court recited the terms of the parties' agreement in the judgment entry. The settlement set the times for visitation and companionship with the child, and stated the parties further agreed to attend parenting counseling. The court set the matter for a review hearing for August 3, 2009.

{¶5} On July 27, 2009, appellant filed a motion to renew his motion for reallocation of parental rights and responsibilities. He alleged as his reason for

renewing his motion that there was a change of circumstances in the home environment which was having an adverse effect on the child, so modification of the existing order would be in the child's best interest. He did not file a new UCCJA affidavit. The judge who conducted the review hearing was sitting by assignment and apparently had no previous involvement in the case.

{¶6} At the hearing, appellant first moved for a continuance, but the court directed the parties to proceed. Appellant informed the court the previous judge had scheduled the review hearing to permit the trial court to see how the agreed visitation schedule was working out. The court responded it had reviewed the file and the court's judgment entry and based upon that, the court believed the original motion was closed by the judgment entry. The court noted it did not have a transcript nor had the present judge conducted the first hearing. Appellant did not inform the court he had requested and filed a transcript of the hearing, and the record in this case is voluminous.

{¶7} The court found it did not have jurisdiction over the matter because according to the record before it, this present motion was a new motion and required a new UCCJA affidavit. The court dismissed the matter without prejudice and explained how it could be re-filed with a new deposit to be allocated to guardian ad litem fees. The previous guardian ad litem had been paid in 2009 after the parties settled the matter, and a new guardian ad litem would be appointed. After the court announced it was dismissing the motion to reallocate parental rights and responsibilities, appellant dismissed his other pending motion, which was a show cause motion. Appellee objected that she was prepared to go forward. The court then found appellee was entitled to an award of attorney fees for unnecessary preparation for the hearing.

I.

{¶8} In his first assignment of error, appellant argues the trial court abused its discretion in dismissing the matter for lack of jurisdiction. We agree.

{¶9} In the case of *In Re: Complaint for Writ of Habeas Corpus for Goeller: Moore v. Goeller,* 103 Ohio St. 3d 427, 2004-Ohio-5579, 816 N.E. 2d 594, the Ohio Supreme Court held the failure of a party to file a UCCJA affidavit did not divest a juvenile court of subject matter jurisdiction to determine custody of a minor child. In *Goeller,* the court agreed its previous holding in *Pasqualone v. Pasqualone* (1980), 63 Ohio St. 2d 96, 406 N.E. 2d 1121, had held the filing of the UCCJA affidavit is a mandatory jurisdictional requirement. The Supreme Court found, however, the requirement that the affidavit must be filed in the first pleading has been "relaxed" by numerous courts of appeals to allow amended pleadings or subsequent filings to include the required affidavit. *Goeller* at paragraphs 9-11, citations deleted. The court found the purpose of the UCCJA is to avoid jurisdictional competition and conflict with courts of other jurisdictions. *Goeller* at paragraph 12, citing *In re: Palmer* (1984), 12 Ohio St.3d at 196, 12 OBR 259, 465 N.E.2d 1312. The court found the *Palmer* case stood for the proposition that a "mechanistic interpretation of R.C. 3109.27 [now R.C. 3127.23] * * * would not only contravene the clear intent of R.C. 3109.27 but could potentially render the custody statutes of this state a nullity." Id.

{¶10} It is irrelevant whether the hearing was a review of the parties' settlement agreement or a new motion. The court could have proceeded to hear the motion in either case.

{¶11} At the hearing, neither party directed the court's attention to the transcript of the hearing buried in amongst numerous other documents in the record. Appellant did not offer to amend or supplement his motion with a UCCJA affidavit. Appellant re-filed the motion approximately one week after the court dismissed his motion to renew. Nevertheless, we find the trial court erred in dismissing the motion for lack of jurisdiction.

{¶12} The first assignment of error is sustained.

II.

{¶13} In his second assignment of error, appellant argues the trial court erred in awarding appellee attorney fees. Appellee's counsel requested $1,000.00, but the court ordered $500.00.

{¶14} After the trial court announced the dismissal of appellant's motion to renew his motion for re-allocation of parental rights and responsibilities, appellant withdrew his pending contempt motion which had been scheduled to be heard that day. Appellant cited judicial economy, and stated that it did not make sense to proceed with the contempt motion. Appellant advised the court he would withdraw it and re-file it with the new motion to re-allocate parental rights and responsibilities.

{¶15} Appellee objected, asserting she was prepared to go forward with all pending motions. Appellee requested the court dismiss the motion with prejudice, or instruct appellant to proceed on the record immediately. Appellee's counsel informed the court appellee had incurred attorney fees for several hours on the day of the hearing alone. Counsel also noted appellant had not specified that the contempt motion would be "tied in" to his motion for re-allocation of parental rights and responsibilities.

{¶16} Our review of the record leads us to conclude the trial court did not err in finding appellee was entitled to recover attorney fees. The court and opposing counsel were prepared to go forward with the contempt motion. Appellant could have proceeded with the show cause motion and if the court found appellee in contempt, it could consider that fact in the future.

{¶17} The second assignment of error is overruled.

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Holmes County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY

WSG:clw 0303

[Cite as *Dole v. Dole*, 2011-Ohio-1314.]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JENNIFER DOLE | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RYAN DOLE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA013 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Holmes County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split between the parties.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY