[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 284.]

IN RE COLEMAN.

[Cite as *In re Coleman*, 2002-Ohio-1804.]

*Habeas corpus—Relief denied when adequate remedy existed on direct appeal—*
  *Claim not raised in direct appeal—Petition denied.*

(No. 2002-0614—Submitted April 17, 2002—Decided April 19, 2002.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} Petitioner, Alton Coleman, is scheduled to be executed on April 26, 2002, for the aggravated murder of Marlene Walters. He was convicted of this offense in 1985. We affirmed his conviction and death sentence in *State v. Coleman* (1988), 37 Ohio St.3d 286, 525 N.E.2d 792. Coleman has also completed the state postconviction review process. See *State v. Coleman* (Mar. 17, 1993), Hamilton App. No. C-900811, 1993 WL 74756, jurisdictional motion overruled (1993), 67 Ohio St.3d 1450, 619 N.E.2d 419. In *State v. Coleman* (1994), 70 Ohio St.3d 1407, 637 N.E.2d 5, we affirmed the judgment of the court of appeals rejecting Coleman's motion to reinstate his direct appeal. Subsequently, the United States District Court for the Southern District of Ohio denied Coleman federal habeas corpus relief. The United States Court of Appeals for the Sixth Circuit affirmed that judgment. *Coleman v. Mitchell* (C.A.6, 2001), 244 F.3d 533, certiorari denied (2001), __ U.S. __, 122 S.Ct. 405, 151 L.Ed.2d 307.

{¶ 2} Coleman has now filed a petition in habeas corpus, invoking the original jurisdiction of this court under Section 2(B)(1)(c), Article IV of the Ohio Constitution. Accompanying his petition is a motion for an alternative writ of habeas corpus, requesting a stay of execution.

{¶ 3} According to the petition, the state improperly removed 9 of 12 black prospective jurors by means of peremptory challenges at Coleman's trial in 1985.

Coleman objected, but the prosecutor declined to explain why he had challenged the jurors in question, and the trial court did not require the prosecutor to offer any explanation. Citing *Batson v. Kentucky* (1986), 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, Coleman contends that we should determine whether there was purposeful discrimination in the jury selection.

{¶ 4} Coleman's petition is insufficient on its face to warrant habeas relief. "[H]abeas corpus, like other extraordinary writ actions, is not available when there is an adequate remedy at law." *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194. See, also, *State ex rel. Fryerson v. Tate* (1999), 84 Ohio St.3d 481, 485, 705 N.E.2d 353; *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26. Coleman had a fully adequate remedy at law: he could have raised this issue on direct appeal. He knew that the claim existed, for he had raised it in the trial court. Moreover, the United States Supreme Court issued its decision in *Batson v. Kentucky* on April 30, 1986, over seven months before the Court of Appeals for the First Appellate District issued its decision affirming his conviction.

{¶ 5} Yet, as Coleman concedes, he did not raise this claim on direct appeal. A litigant may not use habeas corpus as a substitute for appeal. See, e.g., *Ex parte Womack* (1960), 171 Ohio St. 392, 14 O.O.2d 150, 171 N.E.2d 514; *In re Piazza* (1966), 7 Ohio St.2d 102, 36 O.O.2d 84, 218 N.E.2d 459; *Bellman v. Jago* (1988), 38 Ohio St.3d 55, 526 N.E.2d 308; *Ellis v. McMackin* (1992), 65 Ohio St.3d 161, 602 N.E.2d 611.

{¶ 6} Because Coleman had an adequate remedy at law by way of direct appeal, his claim is not cognizable in habeas corpus. Accordingly, Coleman's petition must be denied. Moreover, since Coleman's claim is at odds with settled habeas law, it merits neither a stay of execution nor an alternative writ. We therefore deny the motion for an alternative writ.

Writ denied;

motion denied.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————

David C. Stebbins and Dale A. Baich, Assistant Federal Public Defender, for petitioner.

—————————