OPINION *Page 2 
{¶ 1} Petitioner, Scott Lee Patterson, has filed a Complaint for Writ of Habeas Corpus requesting the termination of his post-release control pursuant to State v. Bezak (2007), 114 Ohio St.3d 92. Respondent has filed a Motion to Dismiss to which Petitioner has not responded. The motion to dismiss is premised upon the inapplicability of habeas corpus in a criminal case to those who are not physically confined.
 {¶ 2} Petitioner was sentenced on April 14, 2003, to a term of incarceration of five years. The trial court's sentencing entry advised Petitioner that a term of post-release control was included in the sentence. Petitioner has not attached a copy of the transcript from his sentencing hearing. Petitioner has attached a copy of the transcript from his sexual offender classification hearing which has no bearing on Petitioner's sentence. Petitioner claims he was not advised in open court of the imposition of post-release control, however, as noted above, Petitioner failed to attach the sentencing transcript.
 {¶ 3} According to his Complaint, Petitioner was advised he was going to be placed on post-release control on October 2, 2007. Petitioner was released from prison on March 25, 2008, and was, in fact, placed on post-release control.
 {¶ 4} "A writ of habeas corpus is warranted in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law."Johnson v. Timmeman-Cooper (2001), 93 Ohio St.3d 614, 616,757 N.E.2d 1153, quoting, Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99,666 N.E.2d 1091. *Page 3 
 {¶ 5} The Seventh Appellate District addressed the issue of whether post-release control qualifies as confinement thereby making habeas corpus an appropriate avenue to challenge its imposition stating, "InWhite v. Wolfe, 7th Dist. No. 305, 2003-Ohio-3883, at ¶ 11, we noted: `R.C. 2725.04 allows for a Petitioner to file a writ of habeas corpus, seeking relief from unlawful custody or unlawful restraint of liberty. Habeas corpus will lie only to grant release from some type of physical confinement, such as a prison. Mere post-release control is not sufficient to merit a writ of habeas corpus. Ross v. Kinkela, 8th Dist. No. 79411, 2001-Ohio-4256, citing Smirnoff v. Green (1998)84 Ohio St.3d 165, 167, 702 N.E.2d 423.'" Coleman v. Eberlin, 2007 WL 752157, 1 (Ohio App. 7 Dist.).
 {¶ 6} The Coleman Court relies upon the Supreme Court's holding inSmirnoff wherein the Court stated, "[H]abeas corpus in Ohio is generally appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement. See, e.g., State ex rel. Carrion v. Ohio Adult ParoleAuth. (1998), 80 Ohio St.3d 637, 638, 687 N.E.2d 759, 760; State ex rel.Jackson v. McFaul (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749." Id at 167.
 {¶ 7} Because Petitioner is not physically confined, habeas corpus is not an available remedy to challenge the imposition of post release control.
 {¶ 8} MOTION TO DISMISS GRANTED. *Page 4 
 {¶ 9} WRIT DENIED.
 By: Edwards, J. Gwin, P.J. and Farmer, J. concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Respondent's Motion to Dismiss is granted and Petitioner's Writ of Habeas Corpus is hereby denied. Costs taxed to Petitioner. *Page 1