Charles E. Grisi, for respondent.

PATTERSON, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *Patterson v. Ohio Adult Parole Auth.,*
120 Ohio St.3d 311, 2008-Ohio-6147.]

(No. 2008–1281—Submitted November 19, 2008—Decided December 3, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus to compel the termination of a petitioner's postrelease control. Because the petitioner had an adequate remedy by way of appeal from his sentencing entry to raise his claim, we affirm the judgment of the court of appeals.

### Sentence and Postrelease Control

{¶ 2} In April 2003, the Richland County Court of Common Pleas convicted appellant, Scott Lee Patterson, of sexual battery and unlawful sexual conduct with a minor, classified him as a sexual predator, and sentenced him to five years in prison. The sentence also included "up to 5 years post release control."

{¶ 3} Over four years later, appellee, Ohio Adult Parole Authority, notified Patterson that he would be placed on postrelease control for five years upon his release from prison. On March 21, 2008, Patterson was released from prison and placed on postrelease control.

### Habeas Corpus Case

{¶ 4} A few days after he was released from prison, Patterson filed a petition in the court of appeals for a writ of habeas corpus to compel the Ohio Adult Parole Authority to terminate his postrelease control. Patterson claimed that at his sentencing hearing, the trial court had failed to notify him that he might be subject to postrelease control. The parole authority filed a motion to dismiss.

{¶ 5} The court of appeals granted the motion and dismissed the petition. The court of appeals held that "[b]ecause Petitioner is not physically confined, habeas corpus is not an available remedy to challenge the imposition of post release

control." *Patterson v. Ohio Adult Parole Auth.*, Richland App., No. 08–CA–33, 2008-Ohio-2620, 2008 WL 2571937, at ¶ 7.

{¶ 6} This cause is now before the court on Patterson's appeal as of right.

## Habeas Corpus Claim

{¶ 7} Patterson asserts that the court of appeals erred in dismissing the petition. In *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 167, 702 N.E.2d 423, we recognized that "habeas corpus in Ohio is *generally* appropriate in the criminal context only if the petitioner is entitled to immediate release from prison or some other type of physical confinement." (Emphasis added.) We did not, however, hold that habeas corpus was *never* available to challenge conditions for parole, probation, or postrelease control that are sufficiently severe or restrictive of liberty. See, e.g., *Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 9 ("Daniel's alleged deprivation of liberty is not of sufficient severity to warrant extraordinary relief in habeas corpus"); R.C. 2725.01 ("Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation").

{¶ 8} Nevertheless, even assuming that habeas corpus lies to contest postrelease control in some situations, Patterson would still not be entitled to the writ because "habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. Patterson had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about postrelease control at his sentencing hearing. See, e.g., *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 45 ("The remedy for improper notification about postrelease control at the sentencing hearing is resentencing—not release from prison") and ¶ 53 ("habeas corpus is not available to contest any error in the sentencing entries, and petitioners have or had an adequate remedy by way of appeal to challenge the imposition of postrelease control"). We have never held that these claims can be raised by extraordinary writ when the sentencing entry includes postrelease control, however inartfully it might be phrased. Id.; cf. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301 (petitioner entitled to writ of habeas corpus because sentencing entry did not include postrelease control, and petitioner had completed journalized sentence); *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961 (claim of failure to properly notify offender of postrelease control at sentencing hearing raised in direct appeal from sentence imposing postrelease control).

{¶ 9} Therefore, the court of appeals properly dismissed Patterson's petition even if its rationale was incorrect. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Scott Lee Patterson, pro se.

Nancy Hardin Rogers, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.