JOURNAL ENTRY AND OPINION
{¶ 1} On August 18, 2008, the petitioner, Ricardo Jackson, commenced this habeas corpus action against the respondents, parole officer Anita Phillips and the Ohio Adult Parole Authority, to compel his release from post-release control in State v. Ricardo Jackson, Franklin County Common Pleas Court Case No. 01CR-07-3970 and his release from confinement for the charge of escape in State v. Ricardo Jackson, Cuyahoga County Common Pleas Court Case No. CR-509655. Jackson argues that the Franklin County Court's imposition of post-release control is void *Page 3 
because his felony arson conviction could only be a misdemeanor conviction resulting from deficiencies in the jury verdict form and because the trial court improperly imposed post-release controls during a resentencing. The State moved to dismiss on September 16, 2008, and Jackson filed a reply brief on October 2, 2008. For the following reasons this court grants the State's motion to dismiss and denies the petition for a writ of habeas corpus.
 Procedural and Factual Background {¶ 2} In the Franklin County case in November 2001, a jury convicted Jackson of aggravated arson and intimidation of a crime witness. On December 18, 2001, the trial judge sentenced Jackson to five years on each count to be served consecutively. However, the trial judge did not impose post-release controls as part of the sentence. On appeal, the court of appeals affirmed his conviction for aggravated arson, ruled that there was insufficient evidence for the intimidation charge, and vacated that conviction. State v. Ricardo Jackson, Franklin App. No. 02AP-867, 2003-Ohio-6183. The appellate court also remanded the case to correct the judgment entry which identified aggravated arson as a first degree felony rather than a second degree felony. In May 2005, the trial judge corrected this mistake but again did not impose post-release control.
 {¶ 3} In April 2006, the State moved to correct this omission by resentencing Jackson. The trial court originally scheduled the resentencing for May 25, 2006, but allowed Jackson a one-day continuance to prepare for the hearing. On May 26, *Page 4 
2006, while Jackson was still serving his sentence for the arson conviction, the trial court conducted a resentencing hearing and informed him "that he would be `responsible to the Adult Parole Authority for three years of mandatory Post-Release Control upon [his] release from imprisonment in July' 2006. (May 26, 2006 Tr. At 9.)"State v. Ricardo Jackson, Franklin App. Nos. 06AP-631 and 06AP-668,2007-Ohio-1474, ¶ 5. The trial court also issued a corrected journal entry, specifically sentencing Jackson to three years of post-release control.
 {¶ 4} Jackson appealed this resentencing. State v. RicardoJackson, Franklin App. Nos. 06AP-631 and 06AP-668, 2007-Ohio-1474. He argued the trial court erred in imposing post-release control so near to the end of his sentence when the State's time for appeal had long since lapsed. In other words, waiver and res judicata precluded the State from seeking post-release control. He also argued that imposing post-release control violated Double Jeopardy. The court of appeals rejected these arguments and affirmed.
 {¶ 5} After Jackson began serving his post-release control, he failed to report in December 2007 and January 2008. Consequently, the parole officer had a capias issued for him, and this led to his indictment for escape in State v. Ricardo Jackson, Cuyahoga County Common Pleas Court Case No. CR-509655.
 Analysis {¶ 6} Jackson first argues that pursuant to R.C. 2945.75(A)(2),State v. Pelfrey, 112 Ohio St.3d 422, 2007-Ohio-256, 860 N.E.2d 735, andState v. Sessler, *Page 5 119 Ohio St.3d 9, 2008-Ohio-3180, 891 N.E.2d 318, the jury form did not specify the degree of the offense or any additional elements which would serve to elevate the offense to a second degree felony. The jury form merely stated that the jury found Jackson guilty of aggravated arson as charged in the indictment. Without stating the degree of the offense or any additional elements, he could be found guilty merely of misdemeanor arson. Therefore, he extrapolates that the post-release control and the subsequent charge of escape must fail as void.
 {¶ 7} In his second argument Jackson seizes upon the language inState v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16, that "the sentence must be vacated and the matter remanded to the trial court for resentencing." He also cites ¶ 13 in which the court stated: "the trial court may not merely inform the offender of the imposition of post-release control and automatically reimpose the original sentence. Rather, the effect of vacating the trial court's original sentence is to place the parties in the same place as if there had been no sentence." He notes that in the resentencing entry, the trial court did not explicitly and specifically vacate the prior sentence. Thus, he concludes that the May 2006 resentencing is void, and that the post-release control and the ensuing charge of escape are void as corollaries.
 {¶ 8} The governing principles of habeas corpus are well-established. The writ is warranted in extraordinary circumstances when there is an unlawful restraint on a person's liberty, and there is no adequate remedy at law. Furthermore, if the *Page 6 
petitioner had an adequate remedy at law, such as appeal or postconviction relief, habeas corpus should not issue. Watkins v.Collins, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78;Patterson v. Ohio Adult Parole Auth., 2008-Ohio-6147; Thomas v.Huffman (1998), 84 Ohio St.3d 266, 703 N.E.2d 315; and In reColeman, 95 Ohio St.3d 284, 2002-Ohio-1804, 767 N.E.2d 677. Indeed, a litigant may not use habeas corpus as a substitute for appeal.Coleman at ¶ 5.
 {¶ 9} In the present case, habeas corpus is precluded because Jackson has or had an adequate remedy at law to raise both of his arguments. In fact, Jackson pursued his remedy of appeal at every opportunity, but did not raise these specific arguments. Habeas corpus is not to provide multiple "bites of the apple." The propriety and ramifications of the jury verdict forms show the wisdom of this rule; such issues must be reviewed on a full record.[1] Habeas corpus rarely provides that.
 {¶ 10} Patterson is particularly instructive for Jackson's second argument. In that case, Patterson commenced a habeas corpus to contest his post-release control sanctions. He claimed that the trial judge failed to notify him of post-release control during the sentencing hearing, although the judge included it in the sentencing entry. The Supreme Court of Ohio upheld the dismissal of the habeas corpus action on the *Page 7 
grounds of adequate remedy at law. "Patterson had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about postrelease control at his sentencing hearing. E.g., Watkins v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, 857 N.E.2d 78, ¶ 45 (`The remedy for improper notification about postrelease control at the sentencing hearing is resentencing-not release from prison' and ¶ 53 (`habeas corpus is not available to contest any error in the sentencing entries, and petitioners have or had an adequate remedy by way of appeal to challenge the imposition of postrelease control')." Patterson at ¶ 8.
 {¶ 11} Accordingly, this court denies Jackson's application for a writ of habeas corpus. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B).
COLLEEN CONWAY COONEY, A.J., and ANN DYKE, J., CONCUR.
[1] The court notes that apparently Jackson was indicted under R.C. 2909.02(A), Aggravate Arson, which is either a first or second degree felony. R.C. 2909.03 provides for misdemeanor arson. However, R.C. 2945.75(A)(2) provides that if either the degree or the additional elements are not present, "a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." It is not clear under Pelfrey that the statute applies to entire chapters of the Revised Code. *Page 1