{¶ 1} On November 19, 2008, Mark A. Bell filed a petition for a writ of habeas corpus. Bell argues that he is being unlawfully and unconstitutionally restrained of his liberty by Respondent, the Ohio Adult Parole Authority, where Respondent has placed Bell on postrelease control at the completion of his term of imprisonment. According to Bell, the trial court in underlying criminal case number 06-CR-18 failed to notify him at his sentencing hearing that he would be subject to postrelease control. We note, however, that the termination entry in the above-listed criminal case contains an order of postrelease control for three years. *Page 2 
 {¶ 2} On December 16, 2008, Respondent filed a motion to dismiss the instant petition. Pursuant to its motion, Respondent contends (1) Bell is not entitled to habeas corpus relief because he is not currently confined, and (2) Bell's petition is procedurally defective because he did not attach a copy of his commitment papers to his petition. To date, Bell has not responded to Respondent's motion to dismiss.
 {¶ 3} Although we reach our conclusion on a different basis, this Court finds that Respondent's motion to dismiss should be sustained and Bell's petition for habeas corpus should be dismissed.
 {¶ 4} A writ of habeas corpus is an extraordinary remedy that is warranted only when the petitioner is being unlawfully restrained of his or her liberty, and there is no adequate remedy at law. Patterson v.Ohio Adult Parole Auth., 120 Ohio St.3d 311, 2008-Ohio-6147,898 N.E.2d 950, at ¶ 8, citing In re Complaint for Writ of Habeas Corpus forGoeller, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. If the petitioner had an adequate remedy of law, such as by way of appeal, habeas corpus should not issue. Watkins v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, 857 N.E.2d 78, at ¶ 39. Clearly, a litigant may not use habeas corpus as a substitute for an appeal. In re Jackson v.Phillips, Cuyahoga App. No. 91963, 2009-Ohio-125, at ¶ 8, citing In reColeman (Apr. 19, 2002), 95 Ohio St. 3d 284, 767 N.E.2d 677.
 {¶ 5} In the present case, Bell argues that Respondent lacks legal authority to impose postrelease control upon him because the trial court failed to properly inform Bell at his sentencing hearing that he would be subject to postrelease control supervision upon his release from imprisonment. The Supreme Court of Ohio recently addressed a similar argument in Patterson, 2008-Ohio-6147. There, the petitioner filed an action in habeas corpus to challenge his postrelease control. The petitioner claimed, like here, that the trial *Page 3 
judge failed to inform him at the sentencing hearing of postrelease control, although the judge did include postrelease control in the sentencing entry.
 {¶ 6} The supreme court upheld dismissal on the grounds that the petitioner had an adequate remedy at law:
 {¶ 7} "Patterson had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about postrelease control at his sentencing hearing. See, e.g., Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082,857 N.E.2d 78, ¶ 45 (`The remedy for improper notification about postrelease control at the sentencing hearing is resentencing-not release from prison') and ¶ 53 (`habeas corpus is not available to contest any error in the sentencing entries, and petitioners have or had an adequate remedy by way of appeal to challenge the imposition of postrelease control'). We have never held that these claims can be raised byextraordinary writ when the sentencing entry includes postreleasecontrol, however inartfully it might be phrased. Id.; cf. Hernandez v.Kelly, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301 (petitioner entitled to writ of habeas corpus because sentencing entry did not include postrelease control, and petitioner had completed journalized sentence); State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250,868 N.E.2d 961 (claim of failure to properly notify offender of postrelease control at sentencing hearing raised in direct appeal from sentence imposing postrelease control)." (Emphasis added.) Id. at ¶ 8.
 {¶ 8} In view of Patterson, we find that Bell's remedy for the trial court's alleged failure to notify him at his sentencing hearing of a postrelease control sanction was by direct appeal of his sentencing entry, not through habeas corpus. Accordingly, Respondent's motion to dismiss is SUSTAINED. The petition for a writ of habeas corpus is *Page 4 
DENIED.
SO ORDERED.
MARY E. DONOVAN, Presiding Judge
JAMES A. BROGAN, Judge
THOMAS J. GRADY, Judge
To the Clerk: Pursuant to Civil Rule 58(B), please serve on all parties not in default for failure to appear notice of judgment and its date of entry upon the journal.
Copies provided to:
Mark A. Bell Petitioner, Pro Se
324 Pinewood Drive Piqua, Ohio 45356
M. Scott Criss Attorney for Respondent Assistant Attorney General Corrections Litigation Section 150 E. Gay Street, 16th Floor Columbus, Ohio 43215 *Page 1