{¶ 1} On November 17, 2008, Rion T. MacConnell filed a petition for a writ of habeas corpus. MacConnell argues that he is being unlawfully and unconstitutionally restrained of his liberty by Respondent, the Ohio Adult Parole Authority, where Respondent has placed MacConnell on postrelease control at the completion of his term of imprisonment. According to MacConnell, the trial court in underlying criminal case numbers 05-CR-4177, 06-CR-200, and 06-CR-582 failed to notify him at his sentencing hearing that he would be subject to postrelease control. We note, however, that the *Page 2 
termination entry in each of the above-listed criminal cases contains an order of postrelease control for five years in case no. 05-CR-4177, and three years in case nos. 06-CR-200 and 06-CR-582.
 {¶ 2} On December 12, 2008, Respondent filed a motion to dismiss the instant petition. Pursuant to its motion, Respondent contends (1) MacConnell is not entitled to habeas corpus relief because he is not currently confined, and (2) MacConnell's petition is procedurally defective because he did not attach a copy of his commitment papers to his petition. On January 2, 2009, MacConnell filed a motion contra to Respondent's motion to dismiss. He additionally filed a brief in support of said motion contra on January 8, 2009.
 {¶ 3} Although we reach our conclusion on a different basis, this Court finds that Respondent's motion to dismiss should be sustained and MacConnell's petition for habeas corpus should be dismissed.
 {¶ 4} A writ of habeas corpus is an extraordinary remedy that is warranted only when the petitioner is being unlawfully restrained of his or her liberty, and there is no adequate remedy at law. Patterson v.Ohio Adult Parole Auth., 120 Ohio St.3d 311, 2008-Ohio-6147,898 N.E.2d 950, at ¶ 8, citing In re Complaint for Writ of Habeas Corpus forGoeller, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. If the petitioner had an adequate remedy of law, such as by way of appeal, habeas corpus should not issue. Watkins v. Collins, 111 Ohio St.3d 425,2006-Ohio-5082, 857 N.E.2d 78, at ¶ 39. Clearly, its stands to follow that a litigant may not use habeas corpus as a substitute for an appeal.In re Jackson v. Phillips, Cuyahoga App. No. 91963, 2009-Ohio-125, at ¶ 8, citing In re Coleman (Apr. 19, 2002), 95 Ohio St. 3d 284,767 N.E.2d 677. *Page 3 
 {¶ 5} In the present case, MacConnell argues that Respondent lacks legal authority to impose postrelease control upon him because the trial court failed to properly inform MacConnell at his sentencing hearing that he would be subject to postrelease control supervision upon his release from imprisonment. The Supreme Court of Ohio recently addressed a similar argument in Patterson, 2008-Ohio-6147. There, the petitioner filed an action in habeas corpus to challenge his postrelease control. The petitioner claimed, like here, that the trial judge failed to inform him at the sentencing hearing of postrelease control, although the judge did include postrelease control in the sentencing entry.
 {¶ 6} The supreme court upheld dismissal on the grounds that the petitioner had an adequate remedy at law:
 {¶ 7} "Patterson had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about postrelease control at his sentencing hearing. See, e.g., Watkins v. Collins, 111 Ohio St.3d 425, 2006-Ohio-5082,857 N.E.2d 78, ¶ 45 (The remedy for improper notification about postrelease control at the sentencing hearing is resentencing-not release from prison') and ¶ 53 (`habeas corpus is not available to contest any error in the sentencing entries, and petitioners have or had an adequate remedy by way of appeal to challenge the imposition of postrelease control').We have never held that these claims can be raised by extraordinary writwhen the sentencing entry includes postrelease control, however inartfully it might be phrased. Id.; cf. Hernandez v. Kelly,108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301 (petitioner entitled to writ of habeas corpus because sentencing entry did not include postrelease control, and petitioner had completed *Page 4 
journalized sentence); State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250, 868 N.E.2d 961 (claim of failure to properly notify offender of postrelease control at sentencing hearing raised in direct appeal from sentence imposing postrelease control)." (Emphasis added.) Id. at ¶ 8.
 {¶ 8} In view of Patterson, we find that MacConnell's remedy for the trial court's alleged failure to notify him at his sentencing hearing of a postrelease control sanction was by direct appeal of his sentencing entry, not through habeas corpus. Accordingly, Respondent's motion to dismiss is SUSTAINED. The petition for a writ of habeas corpus is DENIED.
SO ORDERED.
MARY E. DONOVAN, Presiding Judge
MIKE FAIN, Judge
THOMAS J. GRADY, Judge
MARY E. DONOVAN, Presiding Judge
To the Clerk: Pursuant to Civil Rule 58(B), please serve on all parties not in default for failure to appear notice of judgment and its date of entry upon the journal.
Copies provided to:
Rion T. MacConnell Petitioner, Pro Se
P.O. Box 751944 Centerville, Ohio 45475
M. Scott Criss Attorney for Respondent Assistant Attorney General Corrections Litigation Section 150 E. Gay Street, 16th Floor Columbus, Ohio 43215 *Page 1