[Cite as *State ex rel. Shepherd v. Astrab*, 2011-Ohio-2938.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
## No. 96511

---

## STATE OF OHIO EX REL.
## CHARLES SHEPHERD

RELATOR

vs.

## JUDGE MICHAEL ASTRAB

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus and/or Writ of Procedendo
Motion No. 443386
Order No.   444896

**RELEASE DATE:**   June 10, 2011

**FOR RELATOR:**

Charles Shepherd, Pro Se
Inmate #434286
P.O. Box 57
Marion, Ohio 43301


**ATTORNEYS FOR RESPONDENT:**

William D. Mason
Cuyahoga County Prosecutor

By:     James E. Moss
          Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio     44113


KENNETH A. ROCCO, J.:

{¶ 1}  Relator, Charles Shepherd, is the defendant in *State v. Shepherd*, Cuyahoga County Court of Common Pleas Case No. CR-427416, which has

been assigned to respondent judge.[1]   Shepherd contends that his sentence is void and argues that the court of common pleas did not correctly impose postrelease control.   The October 4, 2002 sentencing journal states, in part: "Post release control is part of this prison sentence for the maximum period allowed for the above felony (s) under R.C. 2967.28."   He requests that this court issue a writ of mandamus and/or procedendo compelling respondent to resentence him and journalize "a valid final appealable order."   Complaint, Ad Damnum Clause.

{¶ 2}   Respondent has filed a motion for summary judgment and argues that Shepherd had an adequate remedy in the ordinary course of the law by way of appeal.   We agree.

{¶ 3}   In *State ex rel. Castro v. Corrigan*, Cuyahoga App. No. 96488, 2011-Ohio-1701, the relator filed a complaint for a writ of mandamus and/or procedendo.   Castro requested that this court compel the respondent judge to conduct a resentencing hearing and issue a final, appealable order that properly includes postrelease control.   Castro's sentencing entry included the same language regarding the imposition of postrelease control for "the

---

[1]The original respondent was visiting Judge William J. Coyne, who was substituting for former-judge Bridget McCafferty.   In a prior entry, we recognized that Judge Michael Astrab succeeded her in office and instructed the clerk to substitute Judge Michael Astrab for Judge William J. Coyne as the respondent and to change the caption accordingly.   See Civ.R. 25(D).

maximum period allowed" as appeared in Shepherd's sentencing entry. See *Castro*, ¶5.

**{¶ 4}** "Finally, this court cannot issue a writ of mandamus and/or procedendo since Castro possesses or possessed an adequate remedy at law through a direct appeal of his sentence to raise the claim that he did not receive proper notification about postrelease control. The Ohio Supreme Court has established that a sentencing entry, which includes language that postrelease control is part of the sentence, provides sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ. *State ex rel. Tucker v. Forchione*, Slip Opinion No.2010–Ohio–6291. See, also, *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St .3d 402, 2010–Ohio–1808, 928 N.E.2d 722; *Patterson v. Ohio Adult Parole Auth.*, 120 Ohio St.3d 311, 2008–Ohio–6147, 898 N.E.2d 950; *Watkins v. Collins*, 111 Ohio St.3d 425, 2006–Ohio–5082, 857 N.E.2d 78." *Castro*, ¶4.

**{¶ 5}** Likewise, Shepherd had sufficient notice that postrelease control was part of his sentence to raise any purported errors during his direct appeal. As this court held in *Castro*, the controlling decisions of the Supreme Court of Ohio require that we deny Shepherd's request for relief in mandamus and/or procedendo.

**{¶ 6}** Accordingly, we grant respondent's motion for summary

judgment. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). Relator to pay costs.

*Writ denied.*


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR