[Cite as *Stallings v. Adult Parole Auth.*, 2012-Ohio-1207.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97761

# WILLIS STALLINGS

PETITIONER

vs.

# ADULT PAROLE AUTHORITY

RESPONDENT

## JUDGMENT:
## PETITION DISMISSED

Writ of Habeas Corpus
Motion No. 451708
Order No. 452893

**RELEASE DATE:** March 19, 2012

**FOR PETITIONER**

Willis Stallings, pro se
2250 Community College Ave., Apt. 232
Cleveland, OH   44115

**ATTORNEYS FOR RESPONDENT**

Michael DeWine
Ohio Attorney General

By:   M. Scott Criss
Assistant Attorney General
Criminal Justice Section
150 E. Gay Street, 16th Fl.
Columbus, OH   43215

LARRY A. JONES, SR., P.J.:

{¶1} On December 2, 2011, the petitioner, Willis Stallings, commenced this habeas corpus action against the Ohio Adult Parole Authority to compel his immediate release from postrelease control because the trial court improperly imposed postrelease control in the underlying case, *State v. Stallings*, Cuyahoga Cty. Common Pleas Court Case No. CR-444002. On January 27, 2012, the respondent moved to dismiss. Stallings never filed a reply. For the following reasons, this court grants the motion to dismiss.

{¶2} In the underlying case in early 2004, Stallings pleaded guilty to felonious assault on a peace officer, receiving stolen property (motor vehicle), vandalism, and breaking and entering. The trial court sentenced him to a total of eight years. The trial court also ordered the following in the sentencing entry: "Post release control is part of this prison sentence for the maximum period allowed for the above felony (s) under R.C. 2967.28."

{¶3} Stallings finished serving his prison sentence in September 2011 and is now on postrelease control. He argues that because the trial court did not impose postrelease control properly, that portion of his sentence is void, and habeas corpus will lie for his immediate release from postrelease control.

{¶4} *Patterson v. Ohio Adult Parole Auth.*, 120 Ohio St.3d 311, 2008-Ohio-6147, 898 N.E.2d 950, controls. In this case the trial court convicted Patterson of sexual

battery and unlawful sexual conduct with a minor, and sentenced him to five years in prison. The sentence also included "up to 5 years of post release control." *Id*. at ¶ 2. When he was released from prison, the Ohio Adult Parole Authority placed Patterson on five years of postrelease control. Shortly after his release, Patterson filed a petition for habeas corpus in the court of appeals to compel the termination of his postrelease control, because the trial court had failed to notify him that he might be subject to postrelease control. The court of appeals dismissed the petition. *Patterson v. Ohio Adult Parole Auth.*, 5th Dist. No. 08-CA-33, 2008-Ohio-2620.

{¶5} On appeal, the supreme court ruled that Patterson is not entitled to the writ of habeas corpus, because the writ is not available when there is an adequate remedy at law. He "had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about his postrelease control at his sentencing hearing." *Id*. at ¶ 8. The court concluded that claims concerning improper notification of postrelease control cannot "be raised by extraordinary writ when the sentencing entry includes postrelease control, however inartfully it might be phrased." *Id*.

{¶6} Stallings's claim is indistinguishable from *Patterson*. Both claimed that the trial court improperly imposed postrelease control. The Supreme Court of Ohio ruled that habeas corpus will not lie in such cases to terminate postrelease control.

{¶7} Additionally, the relator failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688,

914 N.E.2d 402.

{¶8} Accordingly, this court dismisses the petition for habeas corpus. Petitioner to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Petition dismissed.

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR