[Cite as *In re Sinclair v. Tibbals*, 2012-Ohio-1204.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97587

---

## IN RE: BRUCE SINCLAIR

PETITIONER

vs.

## WARDEN TERRY TIBBALS

RESPONDENT

---

### JUDGMENT:
### PETITION DISMISSED

---

Writ of Habeas Corpus
Motion No. 450624
Order No. 452733

**RELEASE DATE:** March 19, 2012

**FOR PETITIONER**

Bruce Sinclair, pro se
5264 Bellview Ave.
Maple Heights, OH   44137

**ATTORNEYS FOR RESPONDENT**

Mike DeWine
Ohio Attorney General

M. Scott Criss
Assistant Attorney General
Corrections Litigation Section
150 E. Gay Street, 16th Floor
Columbus, OH   43215

LARRY A. JONES, SR.:

{¶1} On November 22, 2011, the petitioner, Bruce Sinclair, commenced this habeas corpus action against Warden Terry Tibbals to compel his immediate release from postrelease control because the trial court improperly imposed postrelease control in the underlying case, *State v. Sinclair*, Cuyahoga C.P. No. CR-417286. On December 22, 2011, the respondent moved to dismiss. Sinclair never filed a reply. For the following reasons, this court grants the motion to dismiss.

{¶2} In the underlying case in June 2002, Sinclair was found guilty of drug trafficking and drug possession with major drug offender specifications and possession of criminal tools. The trial court sentenced him to a total of ten years in prison The trial court also ordered the following in the sentencing entry: "Post release control is part of this prison sentence for the maximum period allowed for the above felony (s) under R.C. 2967.28." Additionally, the trial court did not inform Sinclair of postrelease control during the sentencing hearing.

{¶3} Sinclair finished serving his prison sentence on November 28, 2011, and is now on postrelease control. He argues that because the trial court did not impose postrelease control properly, that portion of his sentence is void, and habeas corpus will lie for his immediate release from postrelease control.

{¶4} *Patterson v. Ohio Adult Parole Auth.*, 120 Ohio St.3d 311, 2008-Ohio-6147, 898 N.E.2d 950, controls. In that case, the trial court convicted Patterson of sexual

battery and unlawful sexual conduct with a minor, and sentenced him to five years in prison. The sentence also included "up to 5 years of post release control." *Id.* at ¶ 2. When he was released from prison, the Ohio Adult Parole Authority placed Patterson on five years of postrelease control. Shortly after his release, Patterson filed a petition for habeas corpus in the court of appeals to compel the termination of his postrelease control, because the trial court had failed to notify him that he might be subject to postrelease control. The court of appeals dismissed the petition. *Patterson v. Ohio Adult Parole Auth.*, 5th Dist. No. 08-CA-33, 2008-Ohio-2620.

{¶5} On appeal, the supreme court ruled that Patterson is not entitled to the writ of habeas corpus, because the writ is not available when there is an adequate remedy at law. He "had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about his postrelease control at his sentencing hearing." *Id.* at ¶ 8. The court concluded that claims concerning improper notification of postrelease control cannot "be raised by extraordinary writ when the sentencing entry includes postrelease control, however inartfully it might be phrased." *Id.*

{¶6} Sinclair's claim is indistinguishable from *Patterson*. Both claimed that the trial court did not notify them of postrelease control at their sentencing hearing, yet their sentencing entries imposed postrelease control, but not with the now standard language. The Supreme Court of Ohio ruled that habeas corpus will not lie in such cases to terminate postrelease control.

{¶7} Accordingly, this court dismisses the petition for a writ of habeas corpus.

This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). Petitioner to pay costs.


LARRY A. JONES, SR., JUDGE

PATRICIA A. BLACKMON, A.J., and
COLLEEN CONWAY COONEY, J., CONCUR