[Cite as *State ex rel. DeJusus v. Miller*, 2012-Ohio-2717.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel. MIGUEL VALENTIN GALINDO DeJUSUS, | ) ) ) | CASE NO.   12 BE 17 |
| PETITIONER, | ) ) | OPINION |
| - VS - | ) ) | AND JUDGMENT ENTRY |
| MICHELE MILLER, WARDEN, BELMONT CORRECTIONAL INSTITUTION, | ) ) ) ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:      Petitioner's Petition for Writ of Habeas Corpus; Respondent's Motion to Dismiss.

JUDGMENT:      Petition for Writ of Habeas Corpus Denied; Motion to Dismiss Granted.

APPEARANCES:
For Petitioner:      Miguel Valentin Galindo DeJusus, *Pro Se*
#A620-358
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio  43950

For Respondent:      Attorney Michael DeWine
Attorney General
Attorney Stephanie Watson
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 18, 2012

PER CURIAM.

¶{1} Petitioner Miguel Valentin Galindo DeJusus has filed a petition for writ of habeas corpus claiming his incarceration is unlawful due to alleged errors in the postrelease control sentence he received from the Stark County Common Pleas Court. 4/11/12 Petition. Respondent Michelle Miller, Warden of Belmont Correctional Institute in St. Clairsville, Ohio, answered by filing a motion to dismiss. The dismissal motion is supported by three arguments. First, that the extraordinary writ of habeas is not available to correct post release control sentencing errors. Second, that the sentence has not expired and thus, he is not entitled to immediate release. Third, petitioner has failed to comply with the mandatory requirements of R.C. 2969.25. For the reasons explained more fully below, all three of respondent's arguments are correct and thus, the writ is denied and motion to dismiss is granted.

## STATEMENT OF CASE

¶{2} In October 2011, petitioner was convicted in Stark County Common Pleas Court of Disrupting Public Services, a violation of R.C. 2909.04(A)(1), fourth degree felony and two counts of misdemeanor Domestic Violence, in violation of R.C. 2919.25(A). Petitioner received a 14 month sentence for the Disrupting Public Services conviction and 6 months on each of the domestic violence convictions. As part of his sentence, petitioner was advised that upon his release from prison he could serve an optional period of up to three years of postrelease control pursuant to R.C. 2967.28. 10/25/11 J.E.

¶{3} The online docket for the Stark County Clerk of Courts shows that petitioner appealed his conviction and sentence. Oral arguments were scheduled for May 8, 2011.

¶{4} Petitioner is currently serving his sentence in Belmont Correctional Institute. The Ohio Department of Rehabilitation and Correction website shows that petitioner's release date is October 5, 2012.

¶{5} Petitioner filed his petition for habeas corpus on April 11, 2012, during the pendency of the appeal, but prior to the expiration of his sentence.

ANALYSIS

¶{6} "[H]abeas corpus lies only if the petitioner is entitled to immediate release from confinement." *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release. *Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell*, 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004–Ohio–5579, 816 N.E.2d 594, ¶ 6.

¶{7} Respondent's first argument in support of the motion to dismiss is that the extraordinary writ of habeas is not available to correct postrelease control sentencing errors. It is of the position that there is an adequate remedy of law by means of an appeal.

¶{8} We agree with Respondent. The Ohio Supreme Court has previously explained that petitioners claiming that they did not receive proper notification about postrelease control at the sentencing hearing have an adequate remedy by way of a direct appeal from the sentence. *Patterson v. Ohio Adult Parole Auth.*, 120 Ohio St.3d 311, 2008-Ohio-6147, 898 N.E.2d 950, ¶ 8, citing *Watkins v. Collins,* 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 45. In *Watkins*, the Court not only stated that the remedy for improper notification about postrelease control at the sentencing hearing is resentencing, not release from prison, but also stated that "habeas corpus is not available to contest any error in the sentencing entries, and petitioners have or had an adequate remedy by way of appeal to challenge the imposition of postrelease control." *Watkins* at ¶ 45 and 53. In *Patterson*, it expanded upon these statements and added that it has "never held that these claims can be raised by extraordinary writ when the sentencing entry includes postrelease control, however inartfully it might be phrased." *Patterson* at ¶ 8.

¶{9} Here, the sentencing entry orders petitioner to serve "an optional period of up to three (3) years of post-release control." 11/25/11 J.E. That statement constitutes a postrelease control sentence. Thus, based on *Patterson* and *Watkins*,

the legality of the postrelease control sentence cannot be raised through a petition for habeas corpus because there is an adequate remedy at law. The issue of whether it is a legal postrelease control sentence must be attacked through the direct appeal. Petitioner has availed himself of that adequate remedy; as stated above, the appeal from that conviction and sentencing order is currently pending before the Fifth Appellate District, the proper forum to raise the postrelease control argument.

¶{10} Respondent's second argument as to why the petition should be denied is based on the fact that Petitioner's sentence has not expired. We find that Respondent is also correct in this position. It has been consistently held that a petitioner is not entitled to relief via habeas corpus unless his maximum sentence has expired and the petitioner is being held unlawfully. *In re Pianowski*, 7th Dist. No. 03MA16, 2003-Ohio-3881, ¶ 16, citing *Heddleston v. Mack*, 82 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998). As aforementioned, Petitioner's maximum term will not expire until October 5, 2012. Thus, even if he could raise the issue of postrelease control through a petition for habeas corpus, he would not be entitled to relief until the expiration of the maximum term.

¶{11} Respondent's third argument for dismissal is based on procedural defects in the petition, i.e. failure to comply with R.C. 2969.25.

¶{12} R.C. 2969.25(A) requires an inmate, at the time of commencing a civil action against a government entity, to file an affidavit containing a description of each civil action the inmate has filed in the last five years in any state or federal court. The Ohio Supreme Court has held that the requirements in R.C. 2969.25 apply to state habeas corpus actions. *Fuqua v. Williams*, 100 Ohio St. 3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 6-9.

¶{13} At the time of filing the petition, petitioner did not file an affidavit as required by R.C. 2969.25. It has previously been explained that compliance with the provisions of R .C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal. *State ex rel. Washington v. Ohio Adult Parole Auth.,* 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999); *State ex rel. Zanders v. Ohio Parole Bd.,* 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998). Thus, in addition to

substantive grounds for dismissal, the petition is also dismissed for failing to comply with the procedural requirements in R.C. 2969.25.

**¶{14}** In conclusion, the alleged illegality of the postrelease control sentence is not cognizable in habeas. Furthermore, petitioner's maximum term has not expired and thus, habeas is not available even if the postrelease control issue could be raised. Lastly, procedurally petitioner failed to file an affidavit as required by R.C. 2969.25. Therefore, for those reasons, the writ is denied and the motion to dismiss is granted.

**¶{15}** Final order. Clerk to serve notice as provided by the Civil Rules.

Vukovich, J., concurs.
Donofrio, J., concurs.
Waite, P.J., concurs.