[Cite as *Daggett v. Bradshaw*, 2013-Ohio-713.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| LEOTIS M. DAGGETT | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
|     Petitioner | |
| -vs- | Case No. 12 CA 99 |
| MARGARET BRADSHAW, WARDEN | |
|     Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:          Writ of Habeas Corpus


JUDGMENT:          Denied


DATE OF JUDGMENT ENTRY:          February 27, 2013


APPEARANCES:

For Petitioner                                   For Respondent

LEOTIS M. DAGGETT                    MICHAEL DEWINE
Post Office Box 8107                      ATTORNEY GENERAL
Mansfield, Ohio  44901                  THELMA THOMAS PRICE
                                                      ASSISTANT ATTORNEY GENERAL
                                                      150 East Gay Street, 16th Floor
                                                      Columbus, Ohio  43215

*Wise, P. J.*

{¶1}    This matter came before the Court for consideration of Petitioner Leotis M. Daggett's Petition for Writ of Habeas Corpus, filed October 5, 2012, and the Motion to Dismiss, filed November 8, 2012, by Respondent Margaret Bradshaw, Warden of Richland Correctional Institution.

{¶2}    Upon review of the petition presently before this Court, we note that "habeas corpus lies only if the petitioner is entitled to immediate release from confinement." *State ex rel. Jackson v. McFaul,* 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). In habeas corpus cases, the burden of proof is on the petitioner to establish his right to release. *Halleck v. Koloski,* 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965); *Yarbrough v. Maxwell,* 174 Ohio St. 287, 288, 189 N.E.2d 136 (1963). "[U]nsupported and uncorroborated statements of the petitioner, standing alone, are not sufficient to overcome the presumption of regularity of the court's judgment." *Yarbrough,* 174 Ohio St. at 288, 189 N.E.2d 136 (1963). "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427, 2004–Ohio–5579, 816 N.E.2d 594, ¶ 6.

{¶3}    Petitioner Leotis Daggett was indicted and pled guilty to one count of Robbery, in violation of R.C. 2911.02(A)(2), a second degree felony.  Petitioner entered into a negotiated plea agreement and on June 20, 2011, he was sentenced to six (6) years in prison.  The trial court issued a nunc pro tunc entry on June 27, 2011, to add that Petitioner was subject to a three (3) year period of post release control.  On July 8,

2011, the trial court filed a second nunc pro tunc entry correcting the sentencing entry to reflect that Robbery is a second degree felony.

{¶4}    In the instant Petition for a Writ of Habeas Corpus, Petitioner argues the trial court's nunc pro tunc sentencing entries are void claiming the trial court lacked authority to issue same.  He further argues that because his original sentencing entry stated his robbery conviction was a fourth degree felony, he is being illegally restrained because he has already served the maximum time for a fourth degree felony.

{¶5}    Here, Daggett's petition fails because the issue he raises is one that could have and should have been raised in a direct appeal of his conviction and sentence. The Ohio Supreme Court has recognized that habeas corpus is not to be used as a substitute for other forms of action, such as direct appeal. *Adams v. Humphreys* (1986), 27 Ohio St.3d 43, 500 N.E.2d 1373. "Habeas corpus is not a proper remedy for reviewing allegations of sentencing errors when that sentence was made by a court of proper jurisdiction. R.C. 2725.05; *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 596 N.E.2d 1038; *State ex rel. Wynn v. Baker* (1991), 61 Ohio St.3d 464, 575 N.E.2d 208. Direct appeal or post-conviction relief is instead the proper avenue to address such alleged errors in sentencing. *Blackburn v. Jago* (1988), 39 Ohio St.3d 139, 139, 529 N.E.2d 929." *Id.* at ¶ 4.

{¶6}    Furthermore, in *Patterson v. Ohio Adult Parole Auth.,* 120 Ohio St.3d 311, 2008-Ohio-6147, 898 N.E.2d 950, ¶ 8, the petitioner sought the extraordinary writ of habeas corpus to obtain his release from post-release control because the trial judge had failed to notify him of post-release control during the sentencing hearing. The Supreme Court of Ohio affirmed the denial of the writ because there was an adequate

remedy at law that precluded such extraordinary relief. The court held that direct appeal from the sentence was the remedy for improprieties relating to post-release control: "We have never held that these claims can be raised by extraordinary writ when the sentencing entry includes post-release control, however inartfully it might be phrased." *See, also, Pierre v. McFaul,* Cuyahoga App. No. 94357, 2010-Ohio-271; and *In Re: Jackson v. Phillips,* Cuyahoga App. No. 91963, 2009-Ohio-125.

{¶7}    For the foregoing reasons, the Court hereby denies the Petition for Writ of Habeas Corpus and grants Respondent's Motion to Dismiss.

{¶8}    IT IS SO ORDERED.

By: Wise, P. J.

Delaney, J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0208

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LEOTIS M. DAGGETT | : | |
| | : | |
| Petitioner | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MARGARET BRADSHAW, WARDEN | : | |
| | : | |
| Respondent | : | Case No. 12 CA 99 |

For the reasons stated in our accompanying Memorandum-Opinion, this Court denies the Petition for Writ of Habeas Corpus and grants Respondent's Motion to Dismiss.

IT IS SO ORDERED.

_____

_____

_____

JUDGES