[Cite as *State v. Thomas*, 2017-Ohio-264.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-580 |
| | | (C.P.C. No. 12CR-53) |
| Andre L. Thomas, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 24, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Andre L. Thomas*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Andre L. Thomas is appealing from the denial of his motion requesting a new sentencing hearing. He assigns a single assignment of error for our consideration:

> The trial court abused its discretion when it denied defendant's motion to vacate his sentence because of it being void, it violates the Defendant's right to due process.

{¶ 2} Thomas entered into a plea bargain in April 2012. He entered a guilty plea to two charges of rape of a child. Included in the plea bargain was a joint recommendation of the State of Ohio and the defense that Thomas be sentenced to 12 years of incarceration. Thomas did, in fact, receive a sentence of 12 years of incarceration, plus a statutorily required period of post-release control of 5 years.

{¶ 3} Four years later, Thomas filed a motion asking for another sentencing hearing based upon an allegation that he was deprived of due process of law because the

sentencing entry journalized after his sentencing could be construed as making his period of post-release control optional in its length as opposed to mandatory. He argues that his original sentence was therefore void.

{¶ 4} First, Thomas has failed to file a transcript of the sentencing hearing. "It is well established that an appellant has the burden of demonstrating from the record the errors he complains of." *Conway v. Ford Motor Co.*, 48 Ohio App.2d 233, 236 (8th Dist.1976). "[I]n the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court." *Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist.1987). We must presume then that Thomas was properly notified of his mandatory post-release control period of five years.

{¶ 5} Second, the sentencing entry states:

> The Court, pursuant to this entry, notified the Defendant that **he** will, at the option of the Adult Parole Authority, receive a period of post-release control of **5** years and, if **he** violates post-release control his sentence will be extended administratively in accordance with State law.

(Emphasis sic.) (May 1, 2012 Jgmt. Entry at 2.)

{¶ 6} The wording of the sentencing entry does not render the original sentencing void, nor does it violate Thomas' right to due process of law. While the sentencing entry is ambiguous as to whether post-release control is mandatory, it is clear that Thomas is subject to post-release control. Consequently, the entry is sufficient to afford notice to a reasonable person that the court was authorizing post-release control as part of their sentence. *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, ¶ 51. "A reasonable person in the position of any of the petitioners would have had sufficient notice that postrelease control could be imposed following the expiration of the person's sentence. Any challenge to the propriety of the sentencing court's imposition of postrelease control in the entries could have been raised on appeal." *Id.*

{¶ 7} Thomas received the sentence he bargained for. It is presumed that he was notified in open court that he would have his 12-year sentence of incarceration followed

by a 5-year period of post-release control. Thomas was also informed on his signed guilty pleas that he understood "that the following period of post-release control is applicable[:] Felony Sex Offense—Five Years—Mandatory." (Entry of Guilty Plea at 2.) This conclusion is consistent with the preeminent purpose of R.C. 2967.28—that offenders subject to post-release control know at sentencing that their liberty could continue to be restrained after serving their initial sentences. R.C. 2967.28; *Watkins* at ¶ 52.

{¶ 8} If Thomas thought the words of the judgment entry which journalized his agreed sentence were wrong, he should have appealed four years ago. *Patterson v. Ohio Adult Parole Auth.*, 120 Ohio St.3d 311, 2008-Ohio-6147, ¶ 8; *Watkins* at ¶ 51.

{¶ 9} The trial court did not err in denying his motion for a new sentencing hearing. The sole assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

————————